## NEUMANN, Appellant, v. ST. LOUIS TRANSIT COMPANY, Respondent.

### St. Louis Court of Appeals, November 15, 1904.

1. **PRACTICE: Remarks of Counsel: Interference of Court.** A verdict should never be insisted upon by counsel on a hypothesis not warranted by the instructions of the court, and if this is done, it is right for the court to interfere.

2. ———: ———: **Time For Argument.** But counsel should have a reasonable time to argue his case to the jury and where the time was very short and a large portion of it was consumed by the interruptions of the judge and opposing counsel on the ground that he was arguing a theory of recovery excluded from the consideration of the jury, and where the counsel's transgression was due to a misunderstanding and not a willful disregard of the instructions, he was not granted a reasonable time.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

REVERSED AND REMANDED.

*Ernest E. Wood* for appellant.

*Boyle, Priest & Lehmann* for respondent.

STATEMENT.

The following excerpt from the bill of exceptions shows the course of the argument of appellant's counsel to the jury:

"Now, gentlemen, in discussing the matter, if I say anything that is not borne out by the evidence, if I say anything that is not correct, you must disregard that —

"The Court: Well, you must not say anything, if you can help it, that is not borne out by the evidence.

"Mr. Wood: I am simply telling you, gentlemen, what I think about it, that is all—I am simply reasoning. Now, gentlemen, suppose we just admit everything that the witnesses for the company have said, it seems to me, as a lawyer and as a man and as a common, ordinary reasoning individual, that this lady is absolutely entitled to recover because, gentlemen, the car proceeded north past her stopping place and she was there on the platform and the conductor swore on the witness stand that he knew she was in a position of danger, and yet, gentlemen, he did not stop the car; went a whole block. He said that he knew she was in danger and he didn't stop the car —

"The Court: The court in one of the instructions, stated that there could be no recovery in the case based upon the allegation that the conductor failed to stop the car at Twentieth and Farrar streets and you are disregarding that now and arguing to the jury in dis-

regard of the court's instruction, that she is entitled to recover because he did not stop the car there. The injury did not happen there, she was not hurt in consequence of his not stopping the car there, she was in good health and remained on that car until it got up to the curve and was injured there. That is the reason for the court's instruction.

"Mr. Wood: I didn't mean to put it that way, if I did, your Honor.

"The Court: In other words, in cases of this kind it is the proximate cause of the injury that must be considered—that is the thing that caused the injury. Was that negligence? That is the question for the jury. She was not injured in consequence of the car not stopping at this place because she was on the car and went back to the platform, had a conversation with the conductor for some few seconds before she was injured up at the corner where the curve was. That is the reason for that instruction, gentlemen.

"Mr. Wood: I didn't mean to argue to you, gentlemen, that because he did not stop long enough, I didn't mean that—that wasn't what I meant. What I meant was, that the lady was there on the platform, and that all the conductor had to do, if she was in danger, was to pull the bell cord and the car would stop, then he could have let her go back into her seat. That was what I meant. It was up grade there, the track was dry, and the conductor said that the lady was in a position of danger, and all he had to do was to pull that bell and the car would have stopped and then she could have taken her seat. She tells you she didn't go back into the car, because the car was going so rapidly. So, gentlemen, I say, even admitting what their witnesses say, it seems to me that the conductor was guilty of negligence there, I can not see it any other way, when he swore he knew she was in a position of danger and yet allowed the car to go on around the curve in that position.

"Mr. Jourdan: Well, that is exactly the same matter that your Honor directed counsel not to discuss, the failure to stop the car down at Twentieth and Farrar.

"Mr. Wood: No, that is not it at all. I say, before he got to the curve up there at Bremen avenue, before he got on the curve, he should have seen that the lady was back in her seat, should have given her a chance to get back in her seat. That is my argument.

"The Court: Well, your allegation is that she was injured in consequence of being thrown from the car while going rapidly around the curve, and that is all the jury have to consider in this case, so far as the allegation of negligence is concerned, and the court has instructed in regard to that. If you had asked an instruction as to whether or not the conductor was allowed to stop the car in the middle of the street between Twentieth and Bremen avenue, it would have been refused, because such is not the law. Now, I wish you would confine yourself to the instructions; otherwise I will consider any innovation or departure from the proper rule upon subsequent motions that may be made in the case.

"Mr. Wood: Well, gentlemen, I have a right in standing here before you to tell you that I believe Mrs. Neumann told the truth before her God, as she sat on the witness stand in this case, I believe that. I have always believed that she told the truth. And I believe that Dr. Ludwig told the absolute truth. I have a right to believe it. And, consequently, gentlemen, I don't believe that one or two of the other witnesses did; I don't believe that they could have been telling exactly the truth, and I don't believe as a lawyer even if they were telling the truth that the company is absolved from liability in this case.

"The Court: Half your time is up, Mr. Wood.

"Mr. Wood: Well, your Honor, I was interrupted, and I have not had a chance to argue this case.

"The Court: Well, it is your own fault, sir. If you had confined yourself to the testimony, as the law directs, you would not have been interrupted.

"Mr. Wood: I would like to save my exception, so it is preserved in the record.

"The Court: You may take any exceptions to the ruling of the court that you desire.

"Mr. Wood: I except on the ground that I have not had an opportunity to argue the case."

GOODE, J. (after stating the facts).—The appellant's attorney preserved an exception to the ruling of the trial court in cutting short his argument to the jury, and refusing to allow him time enough, he says, to argue the case at all. The time allotted for argument was fifteen minutes to each side, and according to the decision of the Supreme Court in Reagan v. Transit Co., 180 Mo. 117, 79 S. W. 435, we must rule that time was sufficient, as the testimony in the present case is neither more extensive nor more contradictory than that in the Reagan case. Mrs. Newmann's action was for injuries she received by a fall from a street car, alleged to have been due to the negligence of the conductor of the car. The testimony in her behalf tended to show she wished to alight from the car at Twentieth and Farrar streets in the city of St. Louis, and when the car stopped at the intersection of those streets, she arose from her seat near the front and started toward the rear, but the conductor rang the signal to go ahead and the car started before she had time to get off; that she reached the rear platform and the car was then moving so rapidly she could not get back to her seat, so she stood on the plaform holding to a handrail and expostulating with the conductor; that while she was in this position the car ran rapidly around a curve

near Bremen avenue, and the consequent lurch threw her on the street and hurt her.

For the defense, the testimony tended to show that the appellant did not rise from her seat until the car was in motion and that the conductor attempted to prevent her from leaving the interior of the car and going on the platform; but she forced her way past him, went on the platform and stepped off; that he grabbed her to keep her from stepping off but his hold loosened and he failed to detain her; that the car was moving then at a rate which made it dangerous to leave it and the fall was due to her own rash act. Three witnesses testified for the appellant and six for the respondent. Considerable feeling was engendered during the progress of the trial between the judge and the appellant's attorney and some heated remarks were made by the former in regard to the cross-examination of a witness, which induced the attorney to apologize to the judge, the jury and the witness. While said attorney was attempting to deliver his opening argument to the jury, he was interrupted by the court four times in seven and one-half minutes and once by the attorney for the respondent. During that interval the speaker managed to utter words which occupy fifty-three lines of the printed record, the judge spoke thirty-eight lines by way of reproof and elucidation of the issues and the respondent's attorney three lines; that is, about one-half the time was consumed by the judge and the respondent's attorney. The reason assigned for these interruptions was that in the opinion of the judge, appellant's counsel persisted in arguing to the jury theories of recovery which had been excluded from consideration by the instructions. It may be allowed that said counsel transgressed to some extent in that respect; but he appears to have done so from misunderstanding the instructions. Be that as it may, it was the duty of the trial court to keep the argument within the issues as defined by the instructions and not permit it

to digress to irrelevant matters. But so much of the speaker's time was taken up by the observations of the judge in calling his attention to matters he might properly discuss and in descanting on the meaning of the instructions, that the case was submitted to the jury practically without appellant's counsel having any opportunity to comment on the evidence. We gather from the record that after he was stopped by the court telling him his time was half up, the respondent's counsel did not address the jury and hence there was no further argument. The speaker complained that he had had no opportunity to argue the case and was told it was his own fault because he had not confined himself to the testimony. So far as we can see the attorney had alluded to nothing in the course of his speech which was not in testimony, but had called attention to certain portions of the testimony which did not relate to the only ground of recovery submitted by the instructions, namely; that the appellant was thrown from the car by its running around a curve at a rapid speed. A verdict should never be insisted on by counsel on a hypothesis not warranted by the instructions of the court, and if this is done it is right for the court to interfere. But if the interference is accompanied by so much discussion as to consume a large part of the time allotted to the counsel for his argument, and that time is very short at best, it seems reasonable that the speaker should be granted further indulgence unless he was perverse in disregarding the court's admonitions. Appellant's attorney behaved courteously toward the court and in so far as he was remiss, appears to have been so from not holding in mind, while he was attempting to address the jury, just what comments on the evidence might properly be made without his argument becoming inconsistent with the instructions. The testimony in the case fills fifty-six pages of printed record and could hardly be touched by a speaker during the few minutes the attorney was permitted to speak. We

understand the Reagan case to support the rule, adhered to by all courts, we believe, that reasonable time must be allowed counsel, all the circumstances considered, to argue a case to the jury. Our opinion is that in this instance the rule was not observed.

The judgment is reversed and the cause remanded. All concur.