## Louis P. Hyman & Company v. H. H. Snyder Company.

(Decided June 2, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Evidence—Contract—Admission of Correspondence.—Where a contractor, by circular letter, invited plaintiffs to bid on the purchase of certain materials, but plaintiffs' bid did not cover the items specified in the letter, it was not error to reject the letter as evidence of what materials plaintiffs' bid actually included.

2. Instructions—Issue Not Made by Pleadings or Evidence.—Where the evidence was confined to the real issue in the case, an instruction which raised an issue not made by the pleadings or the evidence, while subject to verbal criticism in this respect, held not erroneous.

3. Pleading—Demurrer Sustained to Original Answer—Amendment— Same Defense.—Where a demurrer was sustained to defendant's answer and counterclaim, it was not error to permit defendant to file, several months before trial, an amended answer and counterclaim setting up substantially the same defense, where the amended answer and counter-claim set up a good cause of action.

4. Contracts—Contract of Sale—Breach—Measure of Damages—Instruction.—Ordinarily the measure of damages for breach by the buyer of a contract of sale is the difference between the contract price and the market price at the time of the breach, if the article has a market price, but if it has no market price, the measure of damages is the difference between the contract price and the price at which the seller is compelled to sell; yet where the buyer agrees to remove the property, the expense of the removal is not only an element of damages, naturally and proximately resulting from the breach of the contract, but such as is within the reasonable contemplation of the parties in making the contract.

5. **Trial—Limitation of Argument—Civil Code, Section 317, Sub-section 6.**—Where in a case involving about $2,000 almost two days were consumed in trial, a number of witnesses testified on each side, and the instructions were long and presented issues growing out of plaintiff's claim and defendant's counter-claim, limitation of argument to ten minutes on a side was a denial of the right of argument under sub-section 6, section 317, Civil Code.

JACOB SOLINGER for appellant.

WILLIAM FURLONG for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

H. H. Snyder Company had a contract to wreck the old city hospital in Louisville. The building contained a large quantity of old iron, pipe, lead, etc. On September 14, 1911, Louis P. Hyman & Company wrote to H. H. Snyder the following letter:

"We beg to confirm purchase of all the scrap iron, pipe, etc., from the old City Hospital at Eight Dollars and Fifty Cents ($8.50) per ton, the copper wire, free of insulation, Ten (10) cents per lb., and the old lead pipe at Three Dollars and Seventy-five cents ($3.75) per hundred lbs."

Claiming that Snyder & Company declined to turn over to him certain material which he had purchased, Louis P. Hyman, trading under the firm name of Louis P. Hyman & Company, brought this action against H. H. Snyder Company to recover the sum of $1,614.24, the difference between the contract price and the market price of such material. H. H. Snyder Company denied that it refused to turn over to plaintiff any materials purchased by him, but pleaded that under his contract he agreed to remove and pay for a large quantity of material which he refused to remove or pay for, and that by reason of this fact defendant was necessarily compelled to prepare the material for removal at an expense of $250.00. It also pleaded that he accepted and removed material of the value of $117.00, for which he had not paid, and that the difference in the contract price and the price at which they were compelled to sell the material which he had declined to remove, amounted to about $70.00. For these items defendant asked judgment by way of counter-claim. The jury found for de-

fendant on its counter-claim in the sum of $387.69, and plaintiff's petition was dismissed. Plaintiff appeals.

Plaintiff's evidence tends to show that he and a representative of his inspected and purchased from defendant all the iron pipe, etc. It was the contention of defendant that plaintiff purchased only the scrap iron, etc., and the scrap iron did not include materials that could still be used for the purpose for which they were adapted, but only such materials as were suitable for scrap and were placed in the scrap pile.

(1). Shortly before the purchase by plaintiff, defendant sent out a circular letter, inviting plaintiff to "quote us on the plumbing, drainage, steam and mechanical equipment found in these buildings, with the exception of the following machinery, which shall remain on the site, the property of the Hospital Commission. (Here follows description of machinery reserved)." Plaintiff insists that the court erred in refusing to permit this letter to be introduced in evidence. The trial court excluded the letter on the ground that plaintiff made no bid covering the items specified in the letter, but merely bid on the scrap iron, pipe, etc., copper and old lead. In other words, plaintiff did not bid on any of the items contained in the letter as a whole, or on all of the items, but simply bid on scrap material. Under these circumstances, we cannot say that the court erred in rejecting the letter as evidence.

(2) Instruction No. 1 is complained of because the court predicated plaintiff's right to recover on whether or not the jury believed from the evidence that defendant sold and agreed to deliver to plaintiff "all of the old iron of every description contained in the hospital building." It is argued that plaintiff himself did not claim to have purchased all the old iron of every description, but only the pipes and valves, and that the instruction therefore presented an issue not only not made by the pleadings, but beyond what plaintiff himself claimed. While the instruction in this respect is perhaps subject to verbal criticism, we are not inclined to hold the instruction prejudicial for the reason named. No issue was made as to the machinery excepted. The real issue in the case was: Did plaintiff purchase all the old pipes and valves, or only such as were suitable for scrap? The evidence was confined to this issue.

Under these circumstances, the language complained of was not misleading.

(3). It is next insisted that the court erred, after sustaining a demurrer to defendant's answer and counter-claim, setting up certain expenses which defendant was compelled to incur in preparing for removal the material which plaintiff refused to accept and remove from the premises, in permitting an amended answer and counter-claim to be filed, setting up substantially the same defense. As the amended answer and counter-claim, however, was filed several months before the trial, it cannot be said that plaintiff was taken by surprise or in any way prejudiced thereby, provided the amended answer and counterclaim set up a good cause of action, a question which we will discuss in the next paragraph in connection with Instruction No. 2, which is also complained of by plaintiff.

(4). Instruction No. 2 authorized the jury, in the event they found for defendant, to allow defendant, in addition to the difference between the contract price of the material which plaintiff refused to receive and remove, and the price at which defendant was compelled to sell the same, the necessary expense which defendant incurred in preparing the material for removal. In case of ordinary sales, the measure of damages for a breach by the buyer is the difference between the contract price and the market price at the time of the breach, if the article has a market price, but if it has no market price, the measure of damages is the difference between the contract price and the price at which the seller is compelled to sell. That rule, however, applies only in a case where the buyer refuses to receive any pay for the property. Where, however, in a case like this, the buyer agrees to remove the property, and hence bear the expense incident to its removal, we conclude that the expense of the removal is not only an element of damages, naturally and proximately resulting from the breach of the contract, but such as must have been within the reasonable contemplation of the parties in making the contract. Joyce on Damages, Vol. 2, Sec. 1279; Sutherland on Damages, Sec. 46.

(5). Another ground urged for reversal is the fact that the trial court limited the time for argument by counsel to ten minutes on a side. Counsel for plaintiff moved the court to extend the time beyond ten minutes.

He also moved the court to extend the time to 35 minutes. Both motions were overruled. Sub-section 6, section 317, Civil Code, provides:

"The parties may then submit or argue the case to the jury. . In the argument, the party having the burden of proof shall have the conclusion, and the adverse party the opening. If there be more than one speech on either side, or if several defendants having separate defenses appear by counsel, the court shall arrange the relative order of argument."

The foregoing section gives to each party the right to be heard by counsel. Wilkins v. Extenkamp, 102 Ky., 142, 42 S. W., 1140. In almost every jurisdiction it is the rule that the time fixed for argument is within the sound discretion of the trial court, and a case will not be reversed unless it appears that this discretion has been abused. What is a reasonable time for argument depends upon the circumstances of each particular case. In reviewing the discretion of the trial court, appellate courts will take into consideration not only the amount involved, the number of witnesses examined, and the time consumed in developing the testimony, but also the simplicity or complexity of the instructions and of the issues involved, and of the facts and circumstances out of which those issues arise. In this case the amount in controversy was about $2,000. Almost two days were consumed in the trial. A number of witnesses testified on each side. The instructions were somewhat long, and presented issues growing out of plaintiff's claim and defandant's counter-claim. While we appreciate the necessity for the dispatch of legal business, and therefore the further necessity for not interfering with the sound discretion of the trial court in limiting the time for argument, yet that discretion should never be exercised in such a way as to amount to a practical denial of the right of argument. In this case a time limit of ten minutes amounted to a practical denial of that right. For this reason the judgment must be reversed. Nesbit's Admr. v. Walters, &c., 38 Tex., 576; Zweitusch v. Lowry, 57 Ill. App., 106; Norman v. St. Louis Transfer Co., 109 Mo. App., 221, 84 S. W., 189.

Judgment reversed and cause remanded for new trial consistent with this opinion.