## Murphy v. Ray.

(Decided December 3, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas, No. 1).

Argument of Counsel—Time That Should Be Allowed for—Error in Limiting.—The time that should be allowed to counsel for argument in a jury trial is largely in the discretion of the trial court and this discretion will not be interfered with unless it plainly appears to have been abused. But in a hotly contested jury case, where a number of witnesses testify concerning conflicting issues, it is reversible error to limit argument of counsel to ten minutes.

BRADLEY, THATCHER & DEARING for appellant.

BENNETT H. YOUNG and SAMUEL J. TATE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In an action to recover damages for personal injuries brought by the appellee against the appellant, there was a judgment against the appellant for five hundred dollars. That the verdict was against the weight of the evidence, an inspection of the record leaves little room to doubt, although, perhaps, not so flagrantly against it as to authorize a reversal for this cause.

The cause of action was based on the ground that the appellant, at whose house the appellee was working as a plasterer, furnished appellee a defective and unsafe scaffold on which to stand while working, as a result of which the scaffold broke, causing the appellee to fall, thereby injuring his left ankle and foot.

One of the grounds for a new trial was newly-discovered evidence. Supporting this ground was the affidavit of the appellant stating the reasons why he had not discovered in time to introduce on the trial the newly-discovered evidence. Accompanying his affidavit was the affidavit of Roy Martin, who said that while he, appellee, and one L. Wells were talking about the accident some little time after it happened, "Wells said to Ray that he did not see how he could recover any damages, as he built his own scaffold, and it was his own fault; and that plaintiff, Ray, responded, 'Yes, it is true I built my own scaffold, and it was my own fault.'"

James Martin said he heard a conversation between appellee and the contractor Walker at the time the scaffold that fell with appellee was being erected, "and that he heard Walker say to Ray not to use the planks that he was using on the scaffold, that they were too weak and would break and he would fall, and that for him, Ray, to go down in the yard and get some larger planks to put on the scaffold, so that they would not break, and Ray responded to Walker that he, Ray, was building the scaffold, and he knew what he was doing; that the boards were plenty strong enough. That he, Martin, also told Ray that the boards were weak and ought not to be used on the scaffold, and he made the same remark to affiant that he made to Walker."

As the principal issue in the case was the condition of the scaffold and whether appellee knew its condition or not, it is at once apparent that the evidence of these witnesses was very important and material for appellant.

It is said, however, by counsel for appellee that the evidence of these witnesses was merely cumulative and so not sufficient to authorize the granting of a new trial on the ground of newly-discovered evidence; and that aside from this the record shows that appellant, if he had exercised proper diligence in the preparation of his case, could have secured on the trial the evidence of these witnesses.

We have some doubt as to whether or not a new trial

should be granted on the ground of this newly-discovered evidence, but there is another reason why the case should be remanded for a new trial. The appellee sought to recover damages in the sum of two thousand dollars. On the trial of the case eleven witnesses were introduced upon the issues arising as to the condition of the scaffold, who constructed it, and the knowledge appellee had of the character and condition of the material used in it, as well as in an effort to show, on the part of the appellee, that he was seriously injured by the accident, and on the part of appellant, that his injuries were slight. The case was hotly contested and the evidence conflicting, the weight of it, as we have said, tending to sustain the contention of appellant.

With this condition existing, the record shows that when the case came on for argument, "the Court, of its own motion, limited the argument of counsel to ten minutes. The attorney for defendant stated that he was willing to let the jury have the case without argument, but if there was to be an argument, he would ask for twenty-five minutes. The court overruled said request, and limited the argument to ten minutes, to which plaintiff and defendant excepted.

"The court, of its own motion, extended the argument two minutes, making twelve for defendant; that the attorney for defendant had not completed the argument, and had not read and discussed all the instructions given by the court, when he was compelled to stop, to which defendant objected and excepted."

We think the court committed error to the substantial prejudice of the rights of appellant in thus limiting the argument. It seems to us that in a case like this, the court should have allowed counsel for appellant at least twenty-five minutes in which to argue the case. An allowance of ten or even twelve minutes for argument was not sufficient time to enable counsel to fairly or adequately present his case to the jury.

The time that should be allowed counsel to argue a case is, of course, a matter largely in the discretion of the trial court, and this discretion we are reluctant to interfere with, unless it plainly appears to have been abused. But parties have a right to be heard by counsel, and when argument is allowed, it seems to us, that counsel should have, at least, sufficient time in which to go over the case and bring to the attention of the jury the

law and the evidence upon which he depends for a verdict.

Upon this point it was said, in Hyman v. Snyder, 159 Ky., 354, and it is very pertinent here, that "in almost every jurisdiction it is the rule that the time fixed for argument is within the sound discretion of the trial court, and a case will not be reversed unless it appears that this discretion has been abused. What is a reasonable time for argument depends upon the circumstances of each particular case. In reviewing the discretion of the trial court, appellate courts will take into consideration not only the amount involved, the number of witnesses examined, and the time consumed in developing the testimony, but also the simplicity or complexity of the instructions and of the issues involved, and of the facts and circumstances out of which those issues arise. In this case the amount in controversy was about $2,000. Almost two days were consumed in the trial. A number of witnesses testified on each side. The instructions were somewhat long, and presented issues growing out of plaintiff's claim and defendant's counter-claim. While we appreciate the necessity for the dispatch of legal business, and therefore the further necessity for not interfering with the sound discretion of the trial court in limiting the time for argument, yet that discretion should never be exercised in such a way as to amount to a practical denial of the right of argument. In this case a time limit of ten minutes amounted to a practical denial of that right."

For the error of the court in limiting, as shown by the record, the argument of counsel, the judgment is reversed, with directions for a new trial.