## Vaughn, et al. v. City of Corbin.

(Decided May 30, 1916.)

### Appeal from Whitley Circuit Court.

1. Trial—Argument of Counsel—Discretion of Court.—Trial courts may limit the time for argument by counsel to such time as is sufficient to fairly and adequately present the case to the jury, but where a sound discretion is abused, the judgment will be reversed, if the question is properly presented by the record.

2. Witnesses—Damages by Overflow of Water.—Housekeepers of the neighborhood are competent witnesses to establish damage to the use and occupancy of property, and the owners of property and others who are familiar with property values of the vicinity, though they have not bought or sold many pieces of property, are competent to testify upon the question of diminution in salable value of the property resulting from overflow by water negligently deflected upon same.

3. Damages—Negligence—Overflow of Water.—Where the owner of property occupies same, the temporary damage from negligence which augments the natural flow of water upon same is the damage to the use and occupancy of the property and not the diminution of its rental value.

4. New Trial—Objection to Jury.—An objection to the jury panel first presented upon motion for a new trial comes too late.

ROSE & POPE for appellants.

STEPHENS & STEELY and S. H. KASH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellants, Thomas Vaughn and Millie Vaughn, his wife, owned and had occupied as a residence for some eight or nine years, a house and lot in Corbin, Kentucky,

facing seventy-five feet on Gordon Avenue and running back a distance of about two hundred feet to Center street. They brought this suit against the city of Corbin to recover for permanent and temporary damages to this property alleged to have been occasioned by the negligent construction and negligent maintenance by said city of its streets, ditches and drainways in such a way that large quantities of water were deflected from the natural channels and onto appellants' lot.

The city answered traversing the allegations of the petition, and pleading an estoppel, to which a reply was filed denying all the affirmative allegations. The case then went to trial before a jury; thirty-six witnesses were introduced and two days consumed in the trial, which resulted in a verdict for the city.

The errors relied upon for reversal are: (1) The action of the court in limiting the argument to fifteen minutes to a side; (2) the rejection of evidence offered by appellants, and (3) the instructions given to the jury.

While it is within the discretion of the trial court to limit the time of argument before a jury, the limitation must be a reasonable one, taking into consideration the facts in connection with the particular case. This, however, is not to be measured by the number of witnesses introduced, nor by the time consumed in the trial, but rather by the importance and number of issues to be tried. The time allowed for argument must be reasonable and sufficient to enable counsel to fairly and adequately present their case to the jury, and where there has been an abuse of this discretion it will furnish grounds for reversal. Murphy v. Ray, 161 Ky. 384, and Hyman v. Snyder, 159 Ky. 354. Fifteen minutes on a side in this case was, in our judgment, insufficient for the purpose and amounted almost to a denial of the right to present and argue the case to the jury. However, the record does not show that the arguments were limited and exceptions saved thereto as must be done before a reversal will be ordered therefor. The mere recital of such facts in the motion for a new trial is insufficient to present the question to this court.

2. The testimony claimed to have been erroneously excluded was testimony offered by appellants to prove the amount of damage done to the use and occupancy as well as the permanent injury to their property; and which was excluded evidently upon the idea that the

witnesses had not sufficiently qualified themselves to testify upon such matters. Without going into detail it is sufficient to say that most of the testimony excluded in so far as it was intended to prove the damage to the use and occupancy of the premises by appellants was competent and should have been admitted. Housekeepers residing in the immediate vicinity, whether they knew the salable value of property or not, were competent to testify as to the damage, if any, to the use and occupancy of this property by the acts of the city complained of, and witnesses owning property and others who were familiar with the values of the property in that vicinity, although they themselves had not bought or sold many pieces of property, were competent to testify upon the question of diminution in the salable value of the property from the acts complained of.

3. The instruction upon the measure of damages given to the jury over appellants' objection was proper upon the question of permanent injury, but erroneously defined the measure of temporary damages to be the diminution in the rental value of the property. This property was not rented out, but was occupied by the owner, and, in such a case, to have based the recovery upon the diminution in the rental value rather than the injury to the use and occupancy of the premises was error, necessitating a reversal of the judgment, as appellants presented the question by an offered instruction. Pickerill v. City of Louisville, 30 K. L. R. 1239; City of Madisonville v. Hardman, 29 K. L. R. 253; Hutchinson v. City of Maysville, 30 K. L. R. 1173; City of Richmond v. Gentry, 136 Ky. 321; Ewing v. City of Louisville, 140 Ky. 726; Southern Ry. Co. v. Routh, 161 Ky. 199, and City of Henderson v. Robinson, 152 Ky. 250.

Objections are also made to the instructions upon the ground that a recovery is limited to such constructions and changes in the grade of streets, drains, etc., as were made by the city within five years before the filing of the petition, instead of to such injuries as have resulted therefrom within said time, and the second instruction does so limit the recovery, while the first instruction is not entirely clear upon this question. The five years' limitation applies to injuries sustained within that time rather than to the time of the construction of the streets and drains from which the injuries

resulted, and the instructions should be so framed as to clearly make the distinction. Finley v. City of Williamsburg, 24 K. L. R. 1336; L. & N. R. R. Co. v. Cornelius, 111 Ky. 752, and North Jellico Coal Co. v. Trosper, 165 Ky. 417.

Appellants also complain that the jury was improperly impaneled, but their first objection thereto, in the motion and grounds for a new trial, came too late to be available for reversal. Continental Coal Cor., &c. v. Cole's Admr., 155 Ky. 139.

For the reason indicated the judgment is reversed with directions to grant appellants a new trial and for proceedings consistent with this opinion.