### American Book Company v. Archer.

(Decided June 13, 1916.)

### Appeal from Whitley Circuit Court.

1. Trial—Instructions.—It is error to refuse an instruction directing the jury to find for plaintiff an amount admitted in the evidence to be due upon an account in issue on the pleadings.

2. Trial—Instructions.—Abstract propositions should not be submitted to the jury by the instructions.

3. Trial—Instructions.—An instruction, one part of which is inconsistent with and contradictory of another part, held to be confusing to the jury and cause for reversal.

4. Judgment—Non Obstante Veredicto.—A judgment notwithstanding the verdict is not proper when pleadings are at issue upon all matters.

5. Trial—Argument of Counsel—Limitation Upon.—Limitation upon arguments to the jury not appearing in the record except in motion and grounds for new trial is not available for reversal.

6. Principal and Agent—Insurance—Contract to Procure.—An agent having obligated himself to procure insurance upon his principal's property in his possession, having failed to procure the insurance or notify his principal of his inability to do so is liable as an in-

surer to the extent the property ·was insurable less the premium chargeable therefor.

ROSE & POPE for appellant.

J. B. SNYDER and H. C. GILLIS for appellee.

OPINION OF THE ·COURT BY JUDGE CLARKE—Reversing.

During the year 1913 appellant was under contract to furnish certain school books at fixed prices to school patrons throughout Kentucky, and appellee was the school book agent at Corbin, in Whitley county, appointed by the County Text Book Commissioners.

In July of that year, pursuant to a contract theretofore made between appellant and appellee for the sale of appellant's books at Corbin, appellant consigned to appellee books of the value at the established retail prices of $478.60.

On August 28, 1913, and while these books still remained unopened in their original packages in appellee's store, the store and contents, including the books, were destroyed by fire. Under the contract between appellant and appellee these books were shipped to appellee upon consignment to be sold by appellee upon commissions, and to be accounted for as sold, and such books as were unsold were to be returned to appellant. While appellee was appointed by the Text Book Commissioners he was under this contract as the agent of appellant, and the contract contained this provision:

"Second party (appellee) further agrees to insure for the benefit of the first party (appellant.)"

After the fire appellee notified appellant of the fact and accepted an additional consignment of school books, which was made to him, amounting to $125.48. After some correspondence with reference to the settlement for the burned books and two or three other small items, making a total of $506.13 appellant was claiming appellee owed it, appellee offered in settlement thereof to execute three notes for $168.71 each, due in thirty, sixty and ninety days, respectively. The company agreed to this settlement, but appellee paid $168.71 in cash in lieu of the note due in thirty days, and executed and delivered to the company two notes for $168.71 each, due in sixty and ninety days. After these notes became due appellant urged their payment and appellee made frequent promises to do so until April 1, 1915, when appellant filed this suit seeking to recover of appellee

upon an open account the $125.48 for books furnished since the fire, and in the second paragraph to recover upon the two notes for $168.71 each and interest.

Appellee answered traversing the allegations of the first paragraph which set up the open account of $125.48, and pleaded that the notes sued on were executed without consideration. By reply appellant denied that the two notes sued on were executed without consideration.

Thereafter and before the trial appellee returned and appellant accepted $63.38 worth of the books sent to him after the fire that he had not sold, and then offered to file an amended answer and counterclaim in which he admitted that he was indebted to appellant upon the open account in the sum of $62.10, which was the balance of same after crediting him with the books returned, and setting up the facts in reference to the shipment and destruction by fire of the July consignment of books, and alleging that he had paid the $168.71 and executed the two notes for a like amount in settlement of the $506.13 appellant claimed he owed at the time of the fire under a misapprehension of his rights and liabilities and as a result of a mutual mistake of appellant and himself, and by this amended answer and counterclaim he sought to recover the $168.71 that he had paid appellant, less the $62.10 he admitted he owed on the open account, and asked the cancellation of the two notes sued on.

Appellant objected to the filing of this amended answer and counterclaim and its objection was sustained. The case then proceeded to a trial by a jury which resulted in a verdict for appellee. Appellant then moved for a judgment notwithstanding the verdict, which motion was overruled and a judgment entered dismissing its petition.

Appellant is seeking an appeal and a reversal of the judgment in this court upon the grounds that the verdict is contrary to the evidence; that the instructions given were erroneous; that the court erred in refusing instruction offered by appellant; that its motion for a judgment notwithstanding the verdict should have prevailed, and that the court erred in limiting the arguments before the jury to ten minutes to a side.

1. Appellee admitted in his evidence that he was indebted to the appellant in the sum of $62.10 for the balance on the open account, and it was error upon the

part of the court to refuse the instruction offered by appellant directing the jury to find a verdict in its behalf for that amount.

2.   The first instruction given by the court submits an abstract proposition of law for construction by the jury under which they were authorized to find for the defendant, which was erroneous and prejudicial, and no doubt accounts for the verdict returned.   Hobson's Instructions to Juries, section 20.

The first paragraph of the second instruction is inconsistent with the second paragraph thereof, and the third paragraph annuls both of the former paragraphs. Hence the instructions did not fairly submit the issues to be tried and must have been confusing to the jury, and there must be a reversal.   Hobson's Instructions to Juries, section 19.

3.   Appellant was not entitled to a judgment notwithstanding the verdict as the pleadings were at issue upon all matters.   Civil Code of Practice, section 386.

4.   Nor is the limitation of the arguments available here since the record does not show any such limitation except in the motion and grounds for a new trial. Vaughn v. City of Corbin, 170 Ky. 426.

5.   Under the contract between appellant and appellee it was incumbent upon appellee to have exercised ordinary care to have had the books insured, or to have notified appellant if he was unable to procure insurance, and having failed to procure the insurance or notify appellant of his inability to procure same he was liable under his contract as an insurer to the extent to which said property was insurable less the premium chargeable therefor.   The rule is thus stated in 31 Cyc. 1466:

"If an agent whose duty it is to insure neglects to do so, he is himself to be considered as the insurer and liable as such, and entitled to credit for the premium which should have been paid.   An agent to insure will not be liable if he acted in good faith and with due care and diligence, and could not procure insurance at all, provided he notified his principal promptly of his inability to do so."

Upon the return of the case the parties should be permitted to reform their pleadings if they so desire.

For the reasons indicated the appeal is granted and the judgment reversed for proceedings consistent herewith.