## Southern Express Company v. Southard.

(Decided December 13, 1918.)

### Appeal from Hopkins Circuit Court.

1. Highways—Use—Passing Vehicles—Negligence.— One, who in broad daylight drives into the rear of a vehicle, standing still on a public street, is guilty of negligence unless he can show that the collision was due to circumstances beyond his control.

2. Highways—Use—Collision — Negligence — Question for Jury.— Where the evidence as to whether defendant's wagon ran into plaintiff's buggy, or plaintiff's buggy suddenly backed into defendant's wagon, was conflicting, the question of negligence was for the jury.

3. Trial—Argument—Time—Undue Limitation.—Where, in an action for damages, the amount involved was $3,000.00, and ten witnesses were examined and there was sharp conflict in the evidence on the question of negligence, and the amount of damages depended on the view the jury might take of plaintiff's conduct and her numerous statements bearing thereon, an order limiting the time for argument to fifteen minutes on each side was an abuse of discretion.

COX & GRAYOT for appellant.

LAFFOON & WADDILL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Minnie Southard, brought this suit against the defendant, Southern Express Company, to recover damages for personal injuries. From a verdict and judgment in her favor for $1,400.00, the express company appeals.

According to the evidence for plaintiff, she drove into the city of Madisonville on the day of the accident, for the purpose of marketing milk, butter and eggs. After marketing her produce, she drove east on Sugg street, and stopped next door to the office of the express company. In her rear stood the horse and wagon of the express company. As soon as the wagon was loaded, the horse started and the wagon came in contact with plaintiff's buggy, giving her a severe jerk and causing her horse to run. According to the evidence for defendant, the horse attached to the express wagon started almost perpendicularly across the street. At that time there was plenty of room for the wagon to pass, but plaintiff's buggy suddenly backed into the express wagon, thus causing the accident.

It is first insisted that a peremptory should have gone because the evidence of negligence was not sufficient to take the case to the jury. In this connection it is insisted, that there was no proof that the horse was wild and unruly, or that the horse was negligently managed. In reply to this contention it is sufficient to say, that one who, in broad daylight, drives into the rear of a vehicle standing still on a public street, is guilty of negligence, unless he can show that the collision was due to circumstances beyond his control, and the evidence being conflicting, it was for the jury to say whether the defendant's wagon ran into plaintiff's buggy, or plaintiff's buggy suddenly backed into defendant's wagon.

Another ground urged for reversal is the action of the trial court in limiting the time for argument to fifteen minutes on a side. Defendant's counsel announced to the court that the time allowed for argument was not reasonable and sufficient, and moved the court for an extension of time, but the motion was overruled. While it is the rule that the time fixed for argument is within the sound discretion of the trial court, and a case will not be reversed unless it appears that this discretion has been

abused, it is equally well settled that the time allowed should be reasonable and to that end sufficient to enable counsel fairly and fully to discuss the law and evidence. What is reasonable time for argument depends upon the circumstances of each particular case, viewed in the light of the amount involved, the number of witnesses examined, the time consumed in developing the testimony and the number and importance of the issues to be tried. Hymen & Co. v. Snyder Co., 159 Ky. 354, 167 S. W. 146. In the case of Murphy v. Ray, 161 Ky. 384, 170 S. W. 946, where the amount involved was $2,000.00, and eleven witnesses testified concerning defendant's negligence and the extent of plaintiff's injury, it was held that a limit of twelve minutes was unreasonable and that counsel should have been allowed at least twenty-five minutes in which to argue the case. In the case of Vaughn *et ux.* v. City of Corbin, 170 Ky. 426, 186 S. W. 131, it was held that a limit of fifteen minutes for purposes of argument was unreasonable. In this case, the amount involved was $3,000.00, and ten witnesses testified. On the question of negligence, there was a sharp conflict in the evidence, while the amount of damages depended on the view that the jury might take of plaintiff's conduct, and her numerous statements bearing thereon. Hence, we conclude that the time allowed for argument was unreasonable and amounted, therefore, to an abuse of discretion.

The issues involved were fairly submitted by the given instructions, and there was no error in refusing the instruction offered by defendant.

Since the judgment must be reversed for the reasons indicated, we deem it unnecessary to determine whether the damages were excessive.

Judgment reversed and cause remanded for new trial consistent with this opinion.