### Southern Express Company v. Southard.

(Decided January 20, 1920.)

Appeal from Hopkins Circuit Court.

1. Damages—Inadequate and Excessive Damages—Personal Injuries. —For injuries resulting to the person of appellee from the negligence of appellant's agent, in running a heavy express wagon

against a buggy in which she was seated, a verdict awarding her $1,500.00 damages cannot be regarded excessive, as, according to the weight of the evidence, the injuries consisted of a hurt to the neck, wrenching of the spinal column and sprain of a hip, which confined her to her bed or room for two months, has since caused her almost constant pain, compelled her to constantly wear a brace to her back, kept her under the care of a physician ever since she was hurt and in large measure permanently impaired her ability to perform the ordinary work of a housewife.

2. Damages—Inadequate and Excessive Damages.—In view of the evidence referred to, the amount of damages awarded appellee is so far short of excessive, as to demonstrate that the jury were not, as claimed by appellant, influenced by passion or prejudice, or even actuated by undue sympathy for her.

COX and GRAYOT for appellant.

LAFFOON and WADDILL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is the second appeal of this case. On the first appeal (see Southern Express v. Southard, 182 Ky. 492) the judgment of the trial court awarding appellee $1,400.00 damages was reversed because of error committed by the trial court in unreasonably limiting the time allowed for argument of counsel to the jury. The opinion on the former appeal is referred to for a full statement of the facts of the case. It is only necessary to say here that appellee sustained severe bodily injuries alleged to have been caused by the negligence of appellant's servant in driving a heavy express wagon against a buggy in which she was sitting, which caused her to be knocked from her seat against the dashboard and sustain the injuries complained of.

The opinion on the former appeal approved the instructions given on the first trial and declared the evidence sufficient to support the verdict, and on the last trial the appellee obtained on the same, and in some respects stronger, evidence a verdict and judgment against appellant of $1,500.00 damages. The appellant was refused a new trial and it now complains of the judgment and by this appeal seeks its reversal upon the sole ground that the verdict is excessive.

According to the evidence introduced for appellee, furnished in part by two physicians, her injuries con-

sisted of a hurt to her neck, a wrenching of the spinal column and sprain of the hip. She was kept in her bed or room more than two months by her injuries, 'and although nearly three years have elapsed since the injuries were received she has during that time rarely been free of pain from the injuries and has had to almost constantly take medicine to relieve her sufferings. She has, since receiving the injuries, constantly been under the care of physicians, been compelled to wear a brace upon her back and yet continues its use. According to the testimony of the two physicians she is so disabled that much of the time she cannot perform the duties of a housewife, and such disability is in their opinion permanent. In view of this evidence we think the amount of damages allowed appellee far short of excessive. The jury could not, as claimed by appellant, in fixing the amount of damages have been influenced by undue sympathy for appellee or actuated by passion or prejudice.

In brief we find the record wholly free of error; therefore, the judgment is affirmed.