Kenneth Leroy HENDERSON, a minor, by and through his next friend and natural guardian, Yvonne Henderson, Plaintiff-Appellant,

v.

Wilbert JACKSON, Defendant-Respondent.

No. 36075.

Missouri Court of Appeals, St. Louis District, Division One.

July 8, 1975.

---

4. *Mending Wall* by Robert Frost.

Samuel A. Goldblatt, St. Louis, for plaintiff-appellant.

Donald W. Brown, Richard H. Sjarda, St. Louis, for defendant-respondent.

DOWD, Judge.

The plaintiff, a minor, through his next friend and guardian, brought an action for personal injuries sustained when he was struck by an automobile driven by defendant. The jury found for defendant, and plaintiff appeals.

The sole issue on appeal concerns the length of time the trial court allotted for plaintiff's closing argument. Plaintiff contends the trial court abused its discretion both when it allotted him less time than he had requested and when it would not permit him an extra minute at the end of his argument.

After all the evidence had been presented, the trial counsel and the judge met in chambers to discuss instructions and the length of time the parties would have for closing arguments. The judge allowed each side twenty minutes for closing argument. Plaintiff's counsel protested that he would need thirty minutes for his closing argument, but the judge insisted that twenty minutes would be sufficient if counsel concisely stated his case and eliminated less relevant matters. The first part of plaintiff's closing argument consumed eighteen minutes, thus leaving only two minutes for the last part of his closing argument. When the final two minutes had elapsed, plaintiff's counsel requested one more minute, but the trial judge denied the request.

■ The length of time allowed for final arguments has long been a matter within the sound discretion of the trial court, and appellate courts will not interfere unless this discretion has been clearly abused so as to deny counsel a reasonable length of time to present his case to the jury. *Silver v. Hale,* 2 Mo.App. 557 (1876); *Reagan v. St. Louis Transit Co.,* 180 Mo. 117, 79 S.W. 435 (banc 1904); *Neumann v. St. Louis Transit Co.,* 109 Mo.App. 221, 84 S.W. 189 (1904); *Jackson v. City of Malden,* 72 S.W.2d 850 (Mo.App.1934), *overruled on other grounds, Carpenter v. Kansas City Public Service Co.,* 330 S.W.2d 797 (Mo.1959).

■ The determination of time to be allotted for closing arguments depends on a number of factors: the length of the trial, the number of witnesses, the number and complexity of the issues involved, and the competence and experience of the trial counsel. *Reagan v. St. Louis Transit Co., supra; Price v. Laclede Gaslight Co.,* 219 S.W. 706 (Mo.App.1920); *Stoecker & Price Storage & Auction Co. v. Cooper,* 220 S.W. 972 (Mo.App.1920); *Larkin v. Wells,* 44 S.W.2d 882 (Mo.App.1932).

■ After carefully reviewing the entire trial record, we conclude that the trial judge, under the circumstances of this case,

did not abuse his discretion in permitting plaintiff's counsel twenty minutes for closing argument. The trial judge is a very experienced and highly capable jurist. Plaintiff's trial counsel is an experienced and successful advocate. The trial was relatively brief, the total elapsed time from voir dire to verdict amounting to only two days. The issues presented to the jury were well-defined and not unduly complex.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.