## South Covington & Cincinnati Railway Company v. Goldsmith.

(Decided February 17, 1920.)

### Appeal from Campbell Circuit Court.

1.   Street Ralroads—Actions for Injuries—Instructions.—In this action against the appellant, street railway company, to recover damages for bodily injuries caused the appellee by the act of its servants, or some of them, in control of its street car, in suddenly, and without warning to her, starting it and throwing her to the ground while she was alighting therefrom after it had been stopped for that purpose, the following instruction from the trial court to the jury sufficiently defined the negligence of which the appellant's servants must have been guilty to authorize a verdict for the appellee: "The jury will find for the defendant, unless they believe from the evidence that when the plaintiff was leaving and before she was clear of the car, the defendant's employes negligently and carelessly started said car and by reason of such starting of said car, the plaintiff was thrown and caused to fall as described in the proof, in which event they will find for the plaintiff."

2.   Appeal and Error—Instructions.—The refusal of the court to give, at appellant's request, an instruction, the converse of that set out above, further defining negligence, was not prejudicial to any substantial right of the defendant and is not, therefore, such error as will authorize the reversal of the judgment.

3.   Appeal and Error—Evidence—Res Gestae—Harmless Error.—Although it was admitted by appellant's conductor on cross examination, that in a telephone conversation with appellee more than a year after her injuries were received, he made of her certain inquiries regarding her action against appellant for damages, such conversation being no part of the res gestae, should have been

excluded as incompetent. But as it consisted of a mere inquiry on the part of the conductor as to whether appellee had brought suit for her injuries, and whether she would attend the trial of the case, and the question's were given affirmative answers by appellee, the patent irrelevancy of the conversation, which furnished no proof whatever of negligence on the part of appellant's servants in the matter of causing appellee's injuries and could not have served to discredit the witness, rendered its introduction harmless error.

MAT HEROLD for appellant.

ARTHUR C. HALL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal brings to us for review a judgment of the Campbell circuit court entered upon a verdict awarding the appellee $1,200.00 damages, for bodily injuries she sustained while a passenger on one of appellant's street cars, caused, as alleged, by the negligence of its servants operating it in suddenly, and without warning to her, starting the car while she was in the act of alighting therefrom, after it had previously been stopped for that purpose. Two grounds are urged by appellant's counsel for a reversal: error of the trial court (1) In refusing an instruction offered by appellant. (2) In admitting incompetent evidence.

The refused instruction is perhaps open to criticism because of its confining the right of recovery to the position occupied by appellee on the steps of the car when it was started, by telling the jury that in order to find for her they must believe from the evidence that she was at the time the car started standing with one foot on a step thereof; with this exception it does not seem objectionable, and properly might have been given. Indeed, in other respects it was substantially the same in meaning as the instruction on the same subject given by the court, except that it was more elaborate in its definition of the degree of care required of appellant's servants in charge of the street car to protect appellee from injury while a passenger thereon; and its closing statement of the law was but the converse of the law as set forth in the instruction given by the court.

The instruction given by the court is as follows:

"The jury will find for defendant, unless they believe from the evidence that when the plaintiff was leaving the

car and before she was clear of the car, the defendant's employees negligently and carelessly started said car and by reason of such starting of said car, the plaintiff was thrown and caused to fall as described in the proof, in which case they will find for plaintiff."

The instruction is to be commended for its clearness and brevity, and with the others given, which are not complained of, contained all the law required for the guidance of the jury in arriving at a verdict. There was no proof whatever of contributory negligence, but it was the appellant's theory that appellee instead of falling from the car, fell after safely alighting therefrom by twisting her foot on the rough edges of the brick street. Both this theory and that of appellant's negligence relied on by appellee were fully submitted to the jury by the above instruction. Therefore the failure of the court to give an instruction presenting the converse of that given was not error. Cohankus Mfg. Co. v. Rogers, etc., 29 R. 749; Green v. Louisville Railway Co., 119 Ky. 862; South Covington and Cincinnati Street Railway Co. v. Hooffield, 145 Ky. 22; Samuels v. Louisville Railway Co., 151 Ky. 90.

Appellant's complaint of the failure of the court to give an instruction defining negligence, cannot be sustained. The negligence that would authorize a verdict in behalf of the appellee was sufficiently defined when the jury were told by the instruction above quoted that if "the defendant's employees negligently and carelessly started said car and by reason of such starting of said car, the plaintiff was thrown and caused to fall" they should find for plaintiff. The act of starting the car under the circumstances thus stated itself constituted the negligence causing the injuries and rendered unnecessary any further definition of the term.

The alleged incompetent evidence complained of by appellant consisted of a conversation over the telephone between appellee and appellant's conductor more than a year after the former received her injuries, in which the latter inquired of her whether she was going to bring suit and when it was going to be brought up for trial. The reason given by the witness for this inquiry was that appellee, or some of her family, had previously told him she was going to leave on a boat trip to Louisville. The inquiry was superfluous as the suit had already been brought. It does not appear what the answer to the

question was, but whatever it may have been is not material. The evidence of this conversation should have been excluded, not only because it was not a part of the *res gestae,* but also for the further reason that it was irrelevant and wholly immaterial. Its introduction could not have been prejudicial to any substantial right of the appellant. It did not discredit the witness, or throw any light upon the question of whether appellant's employees were or were not negligent in causing appellee's injuries, therefore its admission can, from no point of view, constitute reversible error.

While there was some conflict of evidence as to whether appellant's employees were guilty of negligence resulting in appellee's injuries, the weight of the evidence strongly conduced to prove such negligence; and no cause being shown for disturbing the verdict, the judgment is affirmed.