## Fishback Trucking Co. v. Jackson.

Jan. 23, 1942.

D. Bernard Coughlin and R. W. Keenon for appellant.

Collins & Collins for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellee, plaintiff below, sued the defendant, a trucking company, for $2,680.80 for destruction of property. Jackson owned two small houses situated on a small lot in an alley just off Highway No. 68, which runs through Maysville. Plaintiff charged that due to negligent operation the truck left the highway; ran into his houses, set them afire, resulting in their total destruction. The appellant denied the allegations of the petition, making affirmative pleas not necessary to mention, since when the case was called for trial appellant admitted negligence, offering to confess judgment to the amount of $800; the offer was declined, leaving for determination only the question of the value of the destroyed property.

Following proof and instructions, the jury returned a verdict for plaintiff in the sum of $1,600, and judgment was entered accordingly. Appellant is insisting that the court admitted incompetent evidence in behalf of plaintiff; refused to admit competent evidence proffered by it; erred in giving instructions; finally that the verdict was excessive.

The contentions made by appellant necessitate a brief summary of the evidence, which we may say at the outset was meager, not at all of that quality which should have been brought forward in a case involving the question of value of destroyed property; this to such an extent as to cause the trial judge to ask whether or not parties had in reserve "any real estate men" to testify as to values.

Appellee testified that he had purchased the property more than twelve years prior to the date of destruction, paying $1,000 for the lot and houses, which were evidently of cheap construction, three rooms each, and admittedly in a poor condition when purchased. About ten years before the fire Jackson had built a porch and room to one of the houses, and had made other "repairs" which he said cost him "about" $800. Jackson testified that both were in good condition at the time of the fire, each rented at $2.50 per week, with taxes, upkeep and re-

pairs totaling about $60 per year. He estimated the value of the property before the fire at $2,600, valuing the lot at $100.

J. C. Simons, a builder and contractor, who did not undertake to fix the value of the buildings prior to the fire, though perhaps qualified so to do, was permitted, over objection, to testifyy as to an estimate made to Jackson to erect the two buildings of new material. He fixed the cost at $2,680.80. This estimate was based on what Jackson had told him as to the character of the old buildings.

Dr. Giehls testified that he was familiar ''in a general way'' with the values of property in the vicinity of appellee's houses. He had been in the houses and ''considered them in good condition,'' but did not know much about values. He was permitted to testify that his estimate of prior value was about $2,500, though on cross-examination he said he had not seen the property for four years preceding the date of fire. Defendant's motion to exclude his evidence as to value was overruled.

Defendant introduced little proof as to value of the destroyed property, but such as it was it, perhaps, came nearer to being proof by a qualified witness. Mr. Hirschfield, a contractor and builder, showed familiarity with the Jackson property, and estimated the value of both houses around $1,000. The county tax commissioner was introduced, and said he knew the Jackson property, and to some extent the market value of property and improvements in the entire county. He was then asked:

''What would you estimate, considering the testimony and description which Elisha Jackson gave of his two houses, the value of them on January 30, 1939?''

The court sustained objection to this question. When asked to give his estimate of the value, independent of Jackson's description, he said it would be difficult for him to do so, as he based his estimates solely for the purposes of assessment, but could not ''fix the value of what it would cost to restore the property on January 30th of this year,'' and as will be later observed was not the proper basis of recovery.

Later on the witness was asked what, in his opinion, the property was worth in September, 1939, when he had looked at it for assessment purposes. He declined be-

cause he did not feel himself qualified to fix a value prior to the fire. This witness was perhaps qualified, but too modest to undertake an estimate. On cross-examination he was asked as to what sum the property was assessed, and the court sustained objection. It was then avowed that if permitted he would say the property was assessed at $700, the lot at $100; one house at $240, the other at $260. The owner had been asked the same question, but failed to answer, and like avowal was made.

Specifically, appellant in brief contends that the court improperly admitted the testimony of the owner as to the value of the property destroyed by the fire, because he had not qualified, not being experienced in the buying and selling of property. This point is not stressed with an great force, and we are constrained to the opinion that since he did say that he was acquainted with the value of property, his testimony in part was competent. Vaughan v. City of Corbin, 170 Ky. 426, 186 S. W. 131; Himlar Coal Co. v. Kirk, 224 Ky. 383, 6 S. W. (2d) 480; C. J. p. 578.

While under the general rules stated in those cases Jackson's evidence was competent, it appears that his valuation was based chiefly on the testimony of the contractor's estimate. Identical figures are used as the amount of recovery in petition, and as the maximum in the court's instruction, though plaintiff in proof fixed the value at a slightly less sum.

Applying the general rules, we conclude that Dr. Giehls' testimony did not reach the level required. The doctor estimated the value of the houses on his idea that they were in good condition four years prior to the fire, but declined to estimate the value as of January, 1939. See Com. v. Begley, 272 Ky. 289, 114 S. W. (2d) 127. The contractor's evidence of estimate, showing the cost of replacement with all new material, was perhaps the most impressive testimony introduced by plaintiffs, particularly so when his figures were the same as used in the instruction. This portion of Mr. Simon's testimony should have been excluded, since there was no evidence showing deterioration. Without quoting we refer to Com. v. Begley, 261 Ky. 812, 88 S. W. (2d) 920, 921, wherein the identical question was raised and decided adversely to the party contending that it was competent, citing with approval Richmond & Lancaster Turnpike Co. v. Madison County Fiscal Court, 114 Ky. 351, 70 S.

W. 1044; Jefferson County v. Pohlman, 243 Ky. 556, 49 S. W. (2d) 344, which latter cites applicable opinions.

Another complaint by appellant is that the court refused to permit the tax commissioner to testify as to assessed value. It is apparent from the commissioner's testimony that he assessed the property without the assistance of the owner. We said in Davidson v. Com., 249 Ky. 568, 61 S. W. (2d) 34, 35:

> "It is the settled rule in this jurisdiction that in actions of this nature [condemnation] and other involving damages to real estate, the assessment list for taxation made by the owners for immediately preceding years is competent evidence on the amount of damage sought to be recovered."

We referred to Louisville & N. R. Co. v. Vandiver, 238 Ky. 846, 38 S. W. (2d) 965, 967, calling attention to the "brief unqualified statement contained in that opinion" that "the assessment list would only be admissible after it had been shown that Vandiver had himself listed this property, and that was not shown." A reference to the case of Louisville & N. R. Co. v. White Villa Club, 155 Ky. 452, 159 S. W. 983, 985, shows qualifications, and wherein we said:

> "We think it would be competent to show by the officer of the * * * Club who listed this property for taxation in 1911, the price at which he gave it in for assessment, or, if his testimony cannot be procured, it would be competent to show by the assessing officer the value at which it was given in for assessment by the person who assessed it in that year, assuming, of course, that he was authorized to list the property. * * * The value at which the property is listed for taxation by the owner is a relevant circumstance that the jury may consider as substantive evidence in arriving at the market value of [the] property when there is an issue made as to the value, and there is a difference between the value fixed by the owner in his evidence and the value fixed by him when he listed the property for taxation."

The bare statement in the Vandiver case, supra, might be further qualified by saying that if the property had been assessed by the tax commissioner, and the owner knew and acquiesced in the fixed valuation, the testimony of the officer would be competent.

The very slight criticism of the instruction given on measure of damages is based on the ground that the court failed to advise that the true measure of damages was the difference in the fair and reasonable market value of the property immediately before and after the destruction. The instruction as given was in substance as follows:

"If the jury believe from the evidence that plaintiff's two houses * * * were destroyed by fire on or about January 30, 1940, and as a result thereof he was thereby damaged, then you will award the plaintiff such sum in damages as was the fair and reasonable value of the houses so destroyed, not to exceed the sum of $2680, the amount claimed in his petition, the amount of damages to be ascertained from the evidence in this case."

As a whole the instruction is not faulty, though it may be observed that the use of the phrases "damages to be ascertained" might be misleading. The word "value" would be more appropriate. We say this because of the admission of the contractor's testimony. The jury might have concluded that the damage suffered was the estimated cost of construction. The measure of recovery here was, as stated by the court, the fair and reasonable value of the two houses so destroyed. Prestonsburg Superior O. G. Co. v. Vance, 215 Ky. 77, 284 S. W. 405, 409, 47 A. L. R. 483. In this case we suggested that on return of the case the court should interpolate the words after "fair and reasonable value" the words "at the time and place destroyed."

While not erroneous, it was unnecessary to submit to the jury the question of their belief as to the buildings having been destroyed by fire; it is admitted that there was a total destruction, as well as an admission of negligence. The instruction might be simplified, if the facts be the same on another trial, by submitting to the jury only the question of the fair and reasonable value of the two houses destroyed, at the time and place of their destruction, not to exceed the highest amount proven, nor to be less than the confessed value. Since there was prejudicial error in admission of the incompetent testimony noted above, the judgment is reversed for a new trial, not inconsistent with this opinion.