### Bean v. Dempsey.

October 20, 1950.

Ray L. Murphy, Judge.

Arthur C. Hall and Joseph S. Rolf for appellant.

Davies & Hirschfeld for appellee.

JUDGE LATIMER—Reversing.

This action was brought by Dora Bean against Walter C. Dempsey to recover personal injury damages. Judgment was returned in favor of defendant. Plaintiff prosecutes this appeal insisting that (1) the verdict was flagrantly against the evidence, and (2) the court erred in giving instructions on contributory negligence.

Appellee owned and operated a drugstore in Newport, Kentucky. On the 18th day of May, 1947, appellant went to Dr. Bacchus, a physician, for treatment of a sprained left foot. Dr. Bacchus prescribed a solution of aluminum acetate, which is admittedly nonflammable. There is a conflict of testimony as to how the prescription reached the drugstore. Appellee testified the doctor gave the prescription over the telephone. Appellant testified she gave the prescription to one Charles Edward Washington in front of her house in the presence of one Fannie Tolliver; and that Charles Edward Washington took the prescription, along with $1.50 she gave him, went to the drugstore, and returned promptly with a wrapped bottle. Both Fannie Tolliver and Charles Edward Washington testified to substantially the same thing. Appellee, however, said an old Negro woman called for the bottle and that the charge was fifty cents.

Dr. Bacchus orally instructed appellant to heat the preparation as hot as she could stand and saturate a compress and place on the sprained ankle. Both appellant and Fannie Tolliver testified they heated the bottle, cap off, in a pan of water on the kitchen stove, and applied it as the doctor had directed. Appellant sat close to a gas stove, placing her bandaged foot about

1½ feet therefrom, to keep warm. This stove did not have open flame. Within a few minutes the bandage ignited and appellant suffered third degree burns to her ankle and leg. Appellant rushed to Dr. Bacchus, who dressed the burns. He continued treatment. About a week after the accident, appellant said she became suspicious of the contents of the bottle. She complained to Dr. Bacchus, who, upon smelling the contents, said it was not aluminum acetate. He took the bottle, which yet had the label stating the contents to be aluminum acetate, to appellee's drugstore. Appellee was not there so the bottle was returned to appellant.

The bottle was introduced in evidence. Its contents were proven to be grain alcohol, which easily ignites and burns at low temperature. Appellee testified that aluminum acetate was in the bottle when it left his store, and that he had no grain alcohol on hand at that time.

It is readily observable that contention (1) is without merit. The jury had before it appellee's statements that he received the prescription over the telephone; that the prescription was properly filled; and that the contents of the bottle, when it left his place of business, was nonflammable aluminum acetate. This certainly was evidence of substance and amply sufficient to support the verdict.

The next question presented does have merit. The court gave an instruction on contributory negligence. Appellant insists this to be error because there was no evidence upon which such an instruction could rest. We have carefully examined the record in this respect and have concluded that appellant's contention is correct. The nearest approach to what might be termed negligence upon part of appellant was her sitting and holding her ankle close to the stove. Obviously, if the contents of the bottle, or the substance placed on the bandage under the directions of the doctor, were known to be flammable, we would have a different proposition. However, in the instant case we have a nonflammable substance, which, under the direction of the doctor, was to be highly heated before application. The testimony is, and admittedly so on part of appellee, that aluminum acetate is nonflammable. Thus, if the contents had been this nonflammable substance it was not contributory

negligence to hold the foot close to the stove. We find no facts in this record showing appellant to have been contributorily negligent. It has been consistently and repeatedly held that there must be some factual basis for an instruction. This rule is equally applicable to an instruction on contributory negligence. South Covington & Cincinnati Street Ry. Co. v. Nelson, 89 S.W. 200, 28 Ky.Law Rep. 287; South Covington and Cincinnati Railway Company v. Goldsmith, 187 Ky. 68, 218 S.W. 286; and Southern Oxygen Co. v. Martin, 291 Ky. 238, 163 S.W.2d 459. The court erred in giving this instruction.

The judgment is reversed for proceedings consistent herewith.