## LOUISVILLE & N. R. CO. v. HOWE et al.

Court of Appeals of Kentucky.

March 6, 1953.

C. S. Landrum and C. E. Rice, Jr., Lexington, Fennel & Tucker, Cynthiana, for appellant.

Sawyer Smith, Covington, for appellees.

MOREMEN, Justice.

The opinion in the first appeal of this case is reported in 243 S.W.2d 905, 908, and there may be found a statement of facts. The evidence adduced at the second trial was substantially the same as that introduced at the first.

We believed, on the original appeal, that a number of errors had been committed, among which was the submission of the case to the jury under a defective instruction. This instruction had given the jury the right to apply an identical yardstick for measurement of damages to real estate improvements which were destroyed and improvements of a like nature which were only damaged. It was stated in the opinion:

"As to the barn and other buildings entirely consumed by the fire the correct measure of damages is the fair and reasonable value of the property when and where destroyed. Prestonsburg Superior Oil Gas Co. v. Vance, 215 Ky. 77, 284 S.W. 405, 47 A.L.R. 483; Fishback Trucking Co. v. Jackson, 289 Ky. 235, 158 S.W.2d 423. As to the garage and fencing, which were damaged but not destroyed, the correct measure of damages is the cost of repairing and restoring them to substantially the same condition they were in before they were damaged by the fire."

An instruction which embodied those rules was given on retrial.

Appellant now insists that the instruction which submitted the question of "the fair and reasonable value of the property when and where destroyed" contained a definition of "reasonable value" which should not have been included.

This definition, which was a part of the instruction on both trials, reads:

"And, by reasonable value thereof is not meant imaginary or sentimental value or values which plaintiff may have placed upon such buildings, but is meant a reasonable value in money for such buildings to said owners for the purposes for which they were intended and used at the time and place mentioned in the evidence."

It is argued by appellant that since, in the opinion on the first appeal, the measure of damage for the destroyed buildings was defined as being their fair and reasonable value when and where destroyed, no lee-

way was given to the circuit court to change it in any way.

The appellant, in the brief filed on the first appeal, italicized a portion of the above-quoted excerpt from the instruction, and we believe from a reading of the brief that appellant intended to and did criticize the italicized portion of the language as being erroneous. However, it was not pointed out with any clearness why appellant believed the instruction to be erroneous. In fact, the criticism was directed almost entirely to the question of whether or not a different rule for the measurement of damages should be applied in cases where the buildings were damaged but not destroyed, and instances where the buildings were totally destroyed.

It may be noted that in the first opinion the court did not draft a new instruction and direct that it be given upon a retrial. The court merely criticized that part of the instruction which dealt, as we have said, with different rules that apply to partially damaged property and totally destroyed property.

We have said in a number of cases that where instructions, which have been given on a trial, have been before this court and are not criticized, they are tacitly approved and become the law of the case. Cox's Adm'r v. Louisville & N. R. Co., 137 Ky. 388, 125 S.W. 1056; Standard Oil Co. v. Marlow, 162 Ky. 1, 137 S.W. 436. It is true that in the latter case the court was concerned with one of a number of instructions which had been given on the first trial and not with a part of one of the instructions, but we see no reason why the same rule of law should not be applied to a part of an instruction, particularly where appellant has made an objection, however slight, and the court has refused to accept the objection as being sufficient, and has not criticized the instruction on that ground.

■ Furthermore, we not prepared to say that the above-quoted portion of the instruction is erroneous to the extent that appellant is prejudiced by it. It may be noted that it admonishes the jury not to include in the term "reasonable value"

any imaginary or sentimental value which appellant may have placed upon the buildings. It states, in effect, that reasonable value is concerned with money value to said owners for the buildings for the purposes for which they were intended and used.

The only distinction which we are able to recognize in value to the owner and market value is that the former carries with it the presumption of a favorable attitude by the owner towards the thing valued. This attitude is also reflected in "market value" because in reality the owner, in any case, is unwilling to part with the property until a price is reached that reflects his favorable attitude towards the property. The term, "market value," carries with it the characteristic of the reflected collective judgment of buyers and sellers generally, but this collective judgment is only a summation of the individual judgment of the sellers who constitute the group and, in each case, each seller parts with his property only when its value in money to him has been offered.

As we read the admonition of the above instruction, we find nothing which would give to appellee an increment in addition to that found in any sale. If we invariably accepted market value as the basis for an appraisal, an injustice would be perpetrated in many of those cases where the owner alone is in a position to exploit their uses. The court recognized this concept in Taulbee v. Campbell, 241 Ky. 410, 44 S.W.2d 275, 277 saying: "Strictly speaking a barn has no market value separate and apart from the land."

■ Appellant also complains that counsel for appellee made improper statements during the course of his argument to the jury. No objection was made at the time. The alleged error was not pointed out in the motion and grounds for a new trial, nor was reference made to it in the bill of exceptions. An objection to improper argument of counsel may not properly be taken for the first time on appeal. McCoy v. Kilgore's Adm'r, 306 Ky. 678, 209 S.W.2d 66, and Mahan v. Able, Ky., 251 S.W.2d 994.

Judgment is affirmed.