## CONTINENTAL INSURANCE COMPANY, Appellant,

v.

## Glen PLUMMER dba Electrical Wiring & Fan Shop and Frazier Construction, Inc., Appellees.

### No. 94–SC–315–DG.

Supreme Court of Kentucky.

Aug. 24, 1995.

Randy A. Byrd, Kreiner & Peters Co., L.P.A., Cincinnati, OH, for appellant.

James H. Moore, III, Campbell, Woods, Bagley Emerson, McNeer & Herndon, Ashland, for appellee Plummer.

David O. Welch, Ashland for appellee Frazier.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a summary judgment in an insurance subrogation action in regard to the proper measure of damages to be applied when a leased building is destroyed by fire.

The principal issue is whether the trial judge committed reversible error in applying the standards of *Commonwealth, Dept. of Highways v. Sherrod,* Ky., 367 S.W.2d 844 (1963), as the measure of damages for the loss of the leased building destroyed by fire.

Rax Restaurants, Inc., leased land and buildings located in Ashland, Kentucky, for a fast-food chain restaurant. Fire destroyed the building and its contents in December of 1989. Continental Insurance Company, which provided insurance replacement coverage to Rax on behalf of the landowners pursuant to the lease agreement, paid for the rebuilding of the premises and replacement of its contents. Rax had a blanket insurance policy with Continental in the amount of $68 million for all of its locations, whether owned or leased. Under the terms of the insurance policy, Continental paid Rax on the basis of the cost of replacement as distinguished from fair market value. The cost was $125,164.96 for contents, $1,000 for landscaping, and $259,569 to replace the building. Continental filed a subrogation action against the architect, general contractor and electrical contractor who had completed renovation of the facility in 1982 and against the electrician who had made subsequent repairs to the building. The architect and general contractor have been dismissed from the action and the landowners were not parties. Frazier is the original electrical contractor and Plummer is the electrician who made the subsequent repairs. Continental's theory of recovery was based on alleged improper electrical

wiring, failure to warn of unsafe or nonstandard wiring and failure to remove or disable unsafe or nonstandard wiring.

The two electrical companies sought summary judgment claiming absence of proof of negligence and/or any causal relationship between their conduct and the fire. They also claimed that Continental could not prove the correct measure of damages, that is, difference in fair market value as opposed to replacement costs. It was contended that Continental could only recover the value of the interest which Rax had in the premises as of the date of the fire which would have been the value of the leasehold as opposed to the actual value of the building.

After extensive discovery, the trial judge granted summary judgment to the electrical companies and relied on the case of *Commonwealth v. Sherrod, supra,* to determine the measure of damages to the leasehold. The trial judge stated that Continental acknowledged that there would be no damage to it under that method of valuation and consequently Continental had no recoverable damages. The Court of Appeals affirmed and wrote that Continental had not put forward any proof that Rax had suffered any damage to its leasehold estate. This Court granted discretionary review.

The crucial issue is the application of the proper measure of damages when a leased building is destroyed by fire. The trial judge committed reversible error when he applied the measure of damages expressed in the *Sherrod* case. *Sherrod,* considered by many as the seminal eminent domain case, related to value and dealt with the formulation of a workable method for determining appropriate compensation in an eminent domain or condemnation case where the property involved was under lease. *Sherrod* has no application in this insurance subrogation action. The measure of damages expressed in *Sherrod* would operate to leave a subrogated insured without a legal remedy and would deny the insurer its day in court against tortfeasors who allegedly caused the loss.

Every injury should have a legal remedy pursuant to Section 14 of the Kentucky Constitution. Here Continental is subrogated to all the rights of its insured Rax. The lease in question required Rax to provide fire and extended coverage insurance on the improvements or building in an amount sufficient to rebuild. Public policy operates to shift the burden of loss to a wrongdoer. The application of the measure of damages set forth in *Sherrod* would defeat such a result.

The proper measure of damages for the total destruction of a building by fire is expressed in *Stewart v. Sizemore,* Ky., 306 S.W.2d 821 (1957):

> The measure of damage where real property is entirely consumed by fire is the fair and reasonable value of the property when and where destroyed.

*Prestonsburg Superior Oil Gas Co. v. Vance,* 215 Ky. 77, 284 S.W. 405 (1926), states in part that when a building has been destroyed by fire the measure of damages is not the market value of the building destroyed but is the fair and reasonable value of the building destroyed as it was when and where destroyed. Although Rax was not the owner of the property under the terms of the lease, the damage suffered by Rax as a result of the fire included the complete destruction of the building. Such loss is factually and legally different from the loss occasioned by condemnation.

*Sherrod* is inapplicable to this situation because it involved the apportionment of compensation for the condemnation of property as between the landowner and the lessee of property in an eminent domain proceeding. The case denounced the concept of "price-tagging" which had been used by some professionals in making evaluations of condemned buildings. The formula provided by *Sherrod* is not applicable to this case.

Briefly, Rax had an obligation under its lease to the owner for the destruction of the building so it could have recovered against a negligent third party for the destruction of the property. An eminent domain case is different from a tort case because economic damages such as lost profits are not recoverable in condemnation whereas they are in tort.

The two cases cited by Frazier, *Standard Oil Co. v. Boone County Bd. of Supervisors,* Ky., 562 S.W.2d 83 (1978), and *Kentucky*

*Dept. of Revenue v. Hobart Mfg. Co.,* Ky., 549 S.W.2d 297 (1977), are distinguishable because they deal with the valuation of leases for the purposes of taxation. *Hobart, supra,* specifically stated that the formula in *Sherrod* worked well in condemnation cases, and there was no reason why it would not work equally well in taxation cases. Although there may be certain similarities between condemnation and the valuations required in a taxation case, we are not persuaded that they apply in an insurance subrogation or tort case.

Adherence to the approach used in *Vance, supra,* and *Sizemore, supra,* and the formula set out in *Columbia Gas of Kentucky, Inc. v. Maynard,* Ky., 532 S.W.2d 3 (1975), is acceptable in the type of case presented here where a leased building has been destroyed by fire. In *Columbia Gas, supra,* the plaintiff was neither the owner of the land, nor had a lease-rental agreement, or other contract entitling him to either possession or purchase of the land. The owner disclaimed any ownership interest in the building. The plaintiff filed suit for damages to the building which he did occupy and which was destroyed by fire. In that case, it was held that the valuation testimony did not meet the criteria of *Vance. Sherrod* does not apply in the situation presented here because it relates specifically to determining a fair share of damages to a lessee in an eminent domain case. The holding was that the value of a leasehold could not be greater than the value of the entire property. That is not an issue in this case.

Both the trial judge and the Court of Appeals have not fully considered the fact that Continental was required by the operation of the lease and the terms of the insurance policy to make the payment as it did. It is not a consequence of any particular business practice. The result of the ruling by the trial judge would bar the insurance company from pursuing any subrogation recovery. The trial judge improperly applied the *Sherrod* measure of damage standard to this case.

It is the holding of this Court that the correct measure of damages to be applied to a subrogation case involving the destruction of a leased premises by fire is the standard set out in *Sizemore, Maynard* and *Vance,* that is, where the leased building is entirely consumed by fire, the measure is the fair and reasonable value of the building when destroyed.

The decision of the Court of Appeals is reversed and this matter is remanded to the circuit court with instructions to apply the measure of damages set out in *Maynard, Sizemore* and *Vance* to the leased building only.

STEPHENS, C.J., and LAMBERT, LEIBSON and STUMBO JJ., concur.

REYNOLDS, J., concurs in result only.

FUQUA, J., not sitting.