Case 55—PETITION EQUITY—March 24.

## Barnes v. Jackson's Administrator.

### APPEAL FROM LAUREL CIRCUIT COURT.

1. Vendor and Vendee—Pleading.—In an action by a vendor to recover the purchase price of land which he has covenanted by title bond to convey, the plaintiff should allege in his petition the character of title he covenanted to convey, and that he has title to the land, and the petition in this case failing to allege these facts, a demurrer thereto should have been sustained; but the defect was cured

and the right to a reversal on that account waived by the defendant's answer, by which he admitted that the plaintiff had title, and consented to take the quantity embraced in the boundary sold, whatever it was, at the contract price per acre, the only issue being as to the number of acres.

2. A JUDGMENT ORDERING THE SALE OF REAL ESTATE directed the commissioner to sell on a credit of six months, and to take bond payable to himself, but gave no direction as to the time and place of sale, except to direct the commissioner "to post notices of the time, place, and terms of sale as sheriffs are required to do before selling land under execution" *Held*—That this was sufficient.

3. SAME—PLACE OF SALE.—Unless a judgment ordering the sale of real estate otherwise directs, the sale is to be made at the court-house door of the county in which the property, or the greater part thereof, is situated.

W. O. BRADLEY FOR APPELLANT.

1. "A vendor seeking specific performance must set forth the terms of his agreement, *the character of his title*, and his readiness and ability to make such title as he is bound to convey," which was not done in this case. (Jarman v. Davis, 4 Mon., 118; Williams v. Abrahams, 3 Bush, 186; Calvin v. Duncan, 12 Bush, 104.)

2. It is neither averred nor proved that the land was in Laurel county, and, therefore, the court had no jurisdiction.

3. The right of action survived to the heirs or devisees of the plaintiff, and there should have been a revivor in their names. The revivor in the name of the administrator was nugatory.

4. Even if the right of action survived to the administrator, the agreed order of revivor is not binding on him, as he was not a party. (Peyton v. McDowell, 3 Dana, 315.)

5. The judgment is erroneous because it does not fix the length of time the property must be advertised.

6. The sale of the entire tract of land should not have been ordered, as there is nothing to show that the land can not be divided without materially impairing its value. (Civil Code, sec. 694.)

7. No time or place is fixed by the judgment for the sale.

SAME COUNSEL FILED PETITION FOR REHEARING, WHICH WAS OVERRULED.

J. M. UNTHANK FOR APPELLEE.

1. As the appellee appeared and asked that the cause be submitted, after the revivor in his name, he cannot hereafter be heard to say that he was not a party to the agreement to revive; and, therefore, there can be no reversal because it does not appear that he agreed to the revivor.

Barnes v. Jackson's Administrator.

2. While appellee was made a party only as administrator, yet as he is the only heir, appellant was not prejudiced by the failure to revive in his name as *heir*.

3. If all the parties in interest were not before the court, it was appellant's duty to have objected to the court proceeding with the cause.

4. The lands are shown by the exhibits to be in Laurel county.

5. The judgment directs a sale of only so much land as is necessary to discharge the lien.

6. The petition sufficiently avers the vendor's ability and willingness to convey according to the terms of the contract.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Jarvis Jackson instituted suit in the Laurel circuit court against the appellant to recover judgment for the purchase price of a tract of land, which he had sold to the appellant, and to enforce a lien thereon for the satisfaction of the judgment.

Jackson alleged in his petition that he sold to Barnes, the appellant, by title bond, which Barnes held in his possession, a boundary of land supposed to contain one thousand acres at the price of fifty cents per acre. The boundary of the land is designated by other tracts of land which adjoin it. Jackson also alleged that he was able, willing and ready to convey, by deed, said boundary of land according to the terms of the bond, less four hundred and twenty acres thereof which he had conveyed to John Hash at the request of the appellant, and a little over one hundred acres in said boundary held by R. Wilburn, which was to be excluded from appellant's purchase, as soon as the purchase money was paid for the remainder of the land.

Jackson also asked that the appellant be compelled to produce the title bond in court, so that the land could be surveyed and the true quantity ascertained. By an amended petition Jackson alleged that, since

filing his original petition, he had caused the boundary of land to be surveyed, and after deducting the Hash tract, and the Wilburn tract, there remained six hundred and ninety-nine acres; the metes and bounds of which are set out in the amendment. The appellant demurred to the petition and amended petition. The demurrer was overruled. Appellant then filed an answer to the petition and amended petition.

The answer was not pertinent to the allegations of the petition and amended petition, because the transaction set up in the answer related to the purchase of a different tract of land, which was in no way connected with the transaction sued on.

The boundary of land sold to appellant, and the number of acres therein, and the price per acre that he agreed to pay, are sufficiently set out in the petition and amended petition.

Jackson also alleged in his petition that he was able, willing and ready to convey the boundary of land according to the terms of the title bond as soon as the purchase money was paid. But the character of title that Jackson, by his title bond, covenanted to convey, was not alleged, nor was it alleged that he had title to the land. These were necessary allegations. Therefore, the demurrer should have been sustained. But the appellant, by his amended answer, cured the defect, and thereby waived his right to a reversal on account of the error in overruling the demurrer. For he admitted in his amended answer that Jackson owned said boundary of land, which he bought by title bond, but, differing from Jackson as to the quantity, he thought that the boundary which he acquired contained something near

six hundred acres; and, after deducting the Hash purchase of four hundred and twenty acres, he was willing to take and pay for the remainder, whatever the quantity, at fifty cents per acre.

Therefore, the appellant having admitted Jackson's ownership of the quantity of land contained in the boundary, not otherwise disposed of, and having consented to take the quantity, whatever it was, in discharge of the title bond, cured the defect in the petition and amended petition. And the surveyor's report of survey and the proof in the cause having shown that there were six hundred and ninety-nine acres of land in the boundary outside of the excluded portions, which belonged to Jackson, and which were conveyed by the title bond, the lower court did right in giving judgment against the appellant for three hundred and forty-nine dollars and fifty cents, the price of the land at fifty cents per acre, with interest thereon, etc., and for a sale of the land to satisfy the judgment.

The objection that the judgment fixed no time or place for making the sale is not well taken. Section 696 of the Civil Code provides that "every sale made under an order of court must be public, upon reasonable credits to be fixed by the court, not less, however, than six months for real property, and shall be made after such notice of time, place and terms of sale as the order may direct; and, unless the order direct otherwise, shall be made at the door of the court-house of the county in which the property, or the greater part thereof, may be situated."

The judgment directed the commissioner to sell so much of the land as was necessary to satisfy the debt,

interest and costs, on a credit of six months, and to take bond from the purchaser for the price, with approved security payable to himself, etc. The judgment also directed the commissioner, before making the sale, "to post notices of the time, place and terms of sale as sheriffs are required to do before selling land under execution."

As the duty of sheriffs in making sales of land under execution is fixed by statute, the direction to the commissioner was equivalent to directing him to sell the land at the court-house door in Laurel county on the first day of some county or circuit court day for that county, to be fixed by the commissioner, after having advertised the time, place and terms of sale by written notice set up at the court-house door and three other public places in the vicinity of the land, for fifteen days next preceding the sale. Besides, the section of the Code *supra* provides that, unless otherwise directed in the judgment, the sale shall be made at the court-house door of the county in which the property, or the greater part thereof, may be situated.

After the death of Jarvis Jackson the case was revived in the name of his administrator by the consent of the appellant.

The judgment of the lower court is affirmed.