## Commercial Credit Co. v. Commonwealth ex rel Oates, Comr. of Revenue.

Dec. 17, 1943.

As Modified on Rehearing Feb. 18, 1944.

C. E. Schindler and Dills, Muecke, Shelker & Levinson for appellant.

Smith & Leary and Henry S. Chesnut for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant is a foreign corporation and maintains a principal place of business in the state which granted it a charter. By this proceeding, the Commonwealth sought to recover of it a large sum allegedly due for ad valorem taxes for the years 1931 to 1939, inclusive, on omitted personalty consisting of lien notes and trust receipts acquired by purchase from the payees in the conduct of its business in this State. According to the contention of the Commonwealth, appellant transacted its extensive local business through the agency of a wholly-owned Kentucky corporation, having a similar name, which it caused to be organized for the purpose of evading such taxes, and was at all times subsequent to their acquisition, the actual owner of the choses in action which were purchased in the name of the Kentucky corporation and ostensibly sold by it to appellant.

But the difficulty with the Commonwealth's position is that in the case of Commonwealth v. Sun Life Assurance Company of Canada, 294 Ky. 19, 170 S. W. (2d) 890, decided subsequent to the rendition of the judgment appealed from, we held that the 1908 amendment to KS Sec. 4020 (Chap. 47, Sec. 1, Page 122, Acts 1908 General Assembly) constituted a legislative overruling of the case of Commonwealth v. R. G. Dun & Company, 126 Ky. 108, 102 S. W. 859, 10 L. R. A., N. S. 920, decided June 12, 1907, by which the "business situs doctrine" was established in Kentucky, and that until that doctrine was reestablished by the 1938 amendment (Chap. 6, Page 1026, Acts 1938, Ex. Sess., General Assembly, now incorporated in KRS 132.190) intangible personal property of a nonresident, irrespective of where or how it was acquired or employed, was not subject to taxation by this State. Hence, in order to uphold the Commonwealth's right to the judgment awarded, we would be compelled to overrule the case of Commonwealth v. Sun Life Assurance Company of Canada, supra. This, we are unwilling to do, since all of the authorities cited in

828

support of the Commonwealth's present able argument that the 1908 amendment was not intended to nullify the "business situs doctrine" established by the Dun case, were thoroughly considered in the Sun Life case, and, after further consideration, we perceive no reason to depart from the conclusions therein reached.

Judgment reversed.

Whole Court sitting.