HOBART MANUFACTURING COMPANY, Appellant,

v.

KENTUCKY BOARD OF TAX APPEALS et al., Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1974.

William C. Clay, Jr., Clay, Marye & Cowden, Mt. Sterling, for appellant.

Ed W. Hancock, Atty. Gen., William S. Riley, Asst. Atty. Gen., Frankfort, Glenn McDonald, Louisville, for appellees.

STEINFELD, Justice.

This is an appeal from a judgment affirming an order of the Kentucky Board of Tax Appeals approving an ad valorem tax assessment.

In 1966, the City of Mt. Sterling, Kentucky, leased a tract of its land to appellant Hobart Manufacturing Company. The city issued revenue bonds (KRS 103.-210), which provided funds used to construct buildings and make improvements on that land. The lease provided that title to the leased premises should remain in the city and at the conclusion of the original lease term or renewal thereof it would become the owner of all buildings and improvements, unless Hobart exercised its option to purchase the land and improvements thereon. From 1966 through 1971, no tax assessment was made on the land, the improvements or a leasehold interest. In 1971, at its own expense, Hobart constructed additional improvements on the land at a cost of $962,301.08.

In 1972, the Montgomery County Property Valuation Administrator sent a "Notice to Property Owner of an Increased Assessment * * * Real Estate (Leasehold value of improvements built on leased land) increased from 0 to $1,162,000.00." This assessment was reduced by the Montgomery County Board of Supervisors to $933,441. Hobart unsuccessfully appealed to the Kentucky Board of Tax Appeals, which concluded " * * * that the leasehold improvements made by appellant in 1971 are subject to ad valorem taxation." The Board ruled that $933,441 was the correct amount. Hobart then appealed to the

Montgomery Circuit Court which held " * * * that the leasehold improvements made by Hobart Manufacturing Company in 1971 are subject to ad valorem taxation and * * * that * * * $933,441 was an equitable assessment * * *." From that judgment Hobart now appeals. We reverse.

The parties cite Kentucky Tax Commission v. Jefferson Motel, Inc., Ky., 387 S. W.2d 293 (1965), in which we held that on constitutional grounds an ad valorem assessment made against a leasehold was improper. *Jefferson Motel* explained the proper method of establishing the value of the leasehold for ad valorem tax purposes.

The assessment made by the Property Valuation Administrator may have been an assessment on the value of the leasehold interest as directed in *Jefferson Motel*, but the Kentucky Tax Commission, the parties, and the circuit court treated the assessment as if it had been on the improvements made by Hobart. They stipulated "The appellees assessed the improvements thereon to the appellant in the amount of $1,162,000.00 * * *." It is in that posture that the case reaches us. Neither party raises the issue that the taxable interest of Hobart is a contract right and thus an intangible asset, as suggested in the Jefferson Motel case, rather than tangible property. We therefore do not reach that question.

█ Hobart argues that its improvements are tax exempt under KRS 103.285 and notes that they are located on tax exempt land. That statute exempts from taxation only those properties which are acquired " * * * according to KRS 103.200 to 103.280 * * *."[1] Those sections refer to improvements that are obtained or erected with funds secured by the sale of revenue bonds. We reject this argument.

1. The constitutionality of KRS 103.285 is not questioned. See Faulconer v. City of Danville, 313 Ky. 468, 232 S.W.2d 80, 81 (1950).

Hobart argues that " * * * if the leasehold improvements are subject to taxation, the fair market value thereof is $298,316 or substantially less." It introduced an "expert" who was asked by counsel for Hobart, " * * * using the valuation approach suggested in the Jefferson Motel case, do you have an opinion as to the fair cash value on January 1, 1972 of the Hobart leasehold improvements?" The witness, whose testimony indicated that he may have been evaluating the leasehold interest, explained that he took into consideration the remaining term of the lease but " * * * it is certainly difficult question to know what annexed to an existing building on somebody else's land might be worth." He estimated " * * * 31% of the useful life of the building" to be worth only $298,316. No evidence of the value of the property being assessed was presented by the assessing authority except the amount fixed by the Tax Commission. Hobart says that the testimony of its expert must control, but the appellees argue that this witness failed to consider all of the factors which established the value of the property. Whether the expert's opinion controls, we need not decide because in Kentucky Tax Commission v. Jefferson Motel, supra, we made it clear that leasehold improvements (as distinguished from a leasehold interest) were not the proper subject of ad valorem taxation. Therefore, this assessment cannot stand and the judgment must be reversed for an appropriate assessment of the leasehold interest.

Hobart says that if the improvements are subject to taxation, the city is obligated to pay any taxes assessed. We cannot decide this issue because the city is not a party to this litigation and because this contention was not presented in the circuit court. Hcucker v. Clifton, Ky., 500 S.W.2d 398 (1973).

The judgment is reversed.

All concur.