KENTUCKY DEPARTMENT OF REVENUE and Kentucky Board of Tax Appeals, Appellants,

v.

HOBART MANUFACTURING COMPANY, Appellee.

Supreme Court of Kentucky.

Jan. 14, 1977.

William S. Riley, Asst. Atty. Gen., Kentucky Dept. of Revenue, Frankfort, Glenn McDonald, Louisville, for appellant, Kentucky Dept. of Revenue.

Clay, Marye & Cowden, Mount Sterling, for appellee, Hobart Mfg. Co.

Paul L. Madden, Hancock County Atty., Hawesville, for amicus curiae, Hancock County.

LUKOWSKY, Justice.

This is an appeal from a summary judgment entered by the Montgomery Circuit Court which held that Hobart's leasehold interest in real estate was intangible personal property and that the intangible personal property of a foreign corporation is not subject to taxation in Kentucky. We reverse.

This is the second time that this case has been before us. Its first visit was in *Hobart Manufacturing Co. v. Kentucky Board of Tax Appeals*, Ky., 515 S.W.2d 232 (1974), in which we remanded the case to the Montgomery Circuit Court with directions to cause an appropriate assessment of the leasehold interest (as distinguished from leasehold improvements) to be made. The summary judgment was the trial court's response to this direction.

In the first opinion we set the stage in the following language:

"In 1966, the City of Mt. Sterling, Kentucky, leased a tract of its land to appellant Hobart Manufacturing Company. The city issued revenue bonds (KRS 103.- 210), which provided funds used to construct buildings and make improvements on that land. The lease provided that title to the leased premises should remain in the city and at the conclusion of the original lease term or renewal thereof it would become the owner of all buildings and improvements, unless Hobart exercised its option to purchase the land and improvements thereon. From 1966 through 1971, no tax assessment was made on the land, the improvements or a leasehold interest. In 1971, at its own expense, Hobart constructed additional improvements on the land at a cost of $962,301.08.

In 1972, the Montgomery County Property Valuation Administrator sent a 'Notice to Property Owner of an Increased Assessment * * * Real Estate (Leasehold value of improvements built on leased land) increased from 0 to $1,162,000.00.' This assessment was reduced by the Montgomery County Board of Supervisors to $933,441. Hobart unsuccessfully appealed to the Kentucky Board of Tax Appeals, which concluded ' * * * that the leasehold improvements made by appellant in 1971 are subject to ad valorem taxation.' The Board ruled that $933,441 was the correct amount. Hobart then appealed to the Montgomery Circuit Court which held ' * * * that the leasehold improvements made by Hobart Manufacturing Company in 1971 are subject to ad valorem taxation and * * * that * * * $933,441 was an equitable assessment * * * .' "

In *Kentucky Tax Commission v. Jefferson Motel, Inc.*, Ky., 387 S.W.2d 293, 295 (1965) we said:

" . . . the leasehold . . ., being a contract right, *theoretically* is intangible personal property, often called a 'chattel real.' " (Emphasis supplied)

Even if we were to restrict our examination of this case to the theoretical the judgment of the circuit court is erroneous.

KRS 132.190(1)(a) clearly provides that the intangible personal property of corpora-

tions not organized under the laws of this state is subject to taxation if it has acquired a business situs within this state. *Commercial Credit Co. v. Commonwealth*, 296 Ky. 826, 178 S.W.2d 188 (1944) is inapposite because that case arose at a time when the business situs doctrine was not in force in Kentucky.

The business situs doctrine was first established here in 1907 by judicial decision in *Commonwealth v. R. G. Dun and Co.*, 126 Ky. 108, 102 S.W. 859. The following year the legislature abolished the doctrine. Carroll's Kentucky Statutes, Sec. 4020; *Commonwealth v. Sun Life Assurance Co. of Canada*, 294 Ky. 19, 170 S.W.2d 890 (1943). In 1938 the legislature reestablished the doctrine by statutory amendment. Acts of Kentucky, 1938, c. 6; KRS 132.190(1)(a).

■ It would be ridiculous to contend that the lease had a business situs at any place other than in Kentucky. The lessee conducts mercantile, manufacturing operations on premises in Kentucky. The use and substantial value of the lease is in Kentucky. *Luckett v. Louisville and Nashville Railroad Company*, Ky., 479 S.W.2d 15 (1972); *Kentucky Department of Revenue v. Bomar*, Ky., 486 S.W.2d 532 (1972). Hobart offered no evidence to show that its manufacturing operations in Kentucky were not local to Kentucky and independent of its manufacturing concerns at its domicile. It failed to prove that the lease did not have a business situs in Kentucky. One who claims an exemption must prove he is within its parameters. *Tennessee Gas and Transmission Co. v. Commonwealth*, 308 Ky. 571, 215 S.W.2d 102 (1948).

We leave the realm of the theoretical and return to the world of practicality. In *Kentucky Tax Commission v. Jefferson Motel, Inc.*, supra, we also said:

"Unquestionably, however, a leasehold is an 'interest' in the nature of real estate, and we do not necessarily imply that it cannot or should not be so classified for purposes of ad valorem taxation. See *Purcell v. City of Lexington*, 186 Ky. 381, 216 S.W. 599, 602 (1920)."

In further refining the ore we said 387 S.W.2d at page 296:

"In *Fayette County Board of Supervisors v. O'Rear*, Ky., 275 S.W.2d 577 (1955), it was held that the leasehold and the fee may not ordinarily be separated for ad valorem tax purposes. Cf. KRS 132.-220(3). The underlying reasons for that approach are practical in nature. When the lessor is not tax-exempt he bears the incidence of ad valorem taxes on the entire value of the property as a whole, and he passes it on to the tenant through the rental rate agreed upon between them. Hence, even though the lessee may have the better of the bargain (e. g., if the rent is lower than another lessee would be willing to pay), the taxing authority still collects a tax on the full value of the property. But this is not so when the landlord is tax-exempt, and in such a case we agree that if the non-exempt lessee's contract right has a fair cash value it is taxable. This does not violate the uniformity requirement of Const. Sec. 171. In fact, it is not fundamentally a question of tax classification at all; it is more a mechanical matter of sifting a clearly taxable private property interest from a non-taxable public interest with which it has been commingled.[8] This viewpoint is entirely consistent with the principles enumerated in *Raydure v. Board of Sup'rs of Estill County*, 183 Ky. 84, 209 S.W. 19 (1919).

[8] The question of classification would arise only if the leasehold were assessed at a different percentage of fair cash value, or taxed at a different rate, from real estate. It is not suggested that a leasehold, though technically 'intangible,' comes within the purview of KRS 132.240, which requires the listing of intangibles at 'face value.' "

■ To put the problem in its simplest perspective, fee simple title to real estate and the improvements thereon is no more than a bundle of all of the rights one could have in and to the property. The result of the sifting process, which is required in this peculiar class of cases, is the tax-exempt lessor pays no ad valorem tax on those rights which it retains but the non-exempt lessee must pay ad valorem tax on those

rights which it obtains. The rights conferred by the lease being a part of the bundle of total rights in and to a parcel of realty and not otherwise listed for taxation, the leasehold is taxable as real estate at its fair cash value.

The terms "fair cash value" and "fair market value" are synonymous. In *Commonwealth, Department of Highways v. Sherrod*, Ky., 367 S.W.2d 844, 950 (1963), we held that the fair market value of a leasehold (if any) can be ascertained by simply subtracting the fair market value of the land as a whole if sold subject to the lease from the fair market value of the land as a whole if sold free and clear of the lease. This formula has worked well in condemnation cases. We see no reason why it would not work equally well in taxation cases.

The judgment is reversed and the cause is remanded with directions to the trial court to take such action as may be necessary to procure appropriate assessment of the leasehold interest.

All concur.