**STANDARD OIL COMPANY et al., Appellants,**

v.

**BOONE COUNTY BOARD OF SUPERVISORS et al., Appellees.**

Supreme Court of Kentucky.

Feb. 21, 1978.

Carl Arthur Henlein, John W. Bilby, Middleton, Reutlinger & Baird, Louisville, for appellants.

William P. Sturm, Atty., Legal Staff, Dept. of Revenue, Frankfort, for appellees.

PALMORE, Chief Justice.

Each of the four appellants has a leasehold interest in real estate owned by the Kenton County Airport Board, a governmental agency. The property is located within the Greater Cincinnati Airport in

Boone County, Kentucky. In 1972 the property valuation administrator (PVA) for Boone County assessed these four leasehold estates for real estate ad valorem tax purposes. In due course the Kentucky Board of Tax Appeals affirmed the assessments, and its action was affirmed by the Boone Circuit Court. This appeal followed.

The appellants contend first that their leasehold interests are exempt from taxation and secondly that if they are not exempt the taxes are being assessed and levied in such a discriminatory fashion as to violate Sec. 171 of the Kentucky Constitution, which provides that taxes shall be "uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax," etc.

It is conceded that under the principles stated in *Kentucky Department of Revenue v. Hobart Manufacturing Company*, Ky., 549 S.W.2d 297 (1977), a privately-owned leasehold interest in real estate owned by a tax-exempt governmental unit is subject to real estate ad valorem taxation if the leasehold has a fair market value. That the leasehold interests involved in this case do have such value also is conceded, and the value of each has been stipulated.

KRS 183.138 provides that all property "acquired for the establishment and maintenance of [an] airport shall be exempt from taxation and assessment to the same extent as other property used for public purposes." According to the appellants and their proof the leased facilities and the uses to which they are put are necessary to the establishment and maintenance of a modern airport. It does not follow, however, that the leasehold interests are tax-exempt, because, in the terminology of the *Hobart* opinion (549 S.W.2d 297, 299–300), out of the total bundle of rights that represent the ownership of real estate those rights encompassed within the leasehold estates are not owned by the airport, but by the lessees, and if the statute were construed as an effort to exempt those rights it would contravene Sec. 174 of the Kentucky Constitution, which provides that all prop-

erty shall be taxed in proportion to its value "unless exempted *by this Constitution*." (Emphasis added.) No agency of government can validly exempt from taxation any property interest except by express constitutional authority.

A similar argument with respect to KRS 103.285, a comparable statute relating to property acquired by a city for the purpose of leasing it to an industrial concern, was rejected in *Hobart Manufacturing Company v. Kentucky Board of Tax Appeals*, Ky., 515 S.W.2d 232, 233 (1974).

We are brought, then, to the issue of unconstitutional discrimination. An attempt to tax the leasehold in *Kentucky Tax Commission v. Jefferson Motel, Inc.*, Ky., 387 S.W.2d 293 (1965), was held invalid because the tax assessor admitted that except for that particular one he had never assessed leaseholds as such. There is no such proof in this case, nor any showing that other nonassessed leaseholds (a) were similar and (b) had value in terms of the criterion set forth in *Commonwealth, Department of Highways v. Sherrod*, Ky., 367 S.W.2d 844, 850 (1963), for the evaluation of leaseholds.

There was, however, uncontroverted evidence that the Boone County PVA did not assess for taxation the leasehold interests held under industrial revenue bond issues by the various tenants of property within the Florence Industrial Park, and the Director of the Property and Inheritance Tax Division of the state revenue department testified that as a general policy this type of leasehold interest was not being assessed. Why they were not being assessed he was not asked and did not venture to say. Nevertheless, a failure to enforce the law against one person or group does not necessarily result in a holiday for everyone else.

"Probably no law contrived by man for his own governance ever has been or will be enforced uniformly and without exception. But the Constitution does not demand perfection. It is only the obvious and flagrant case that warrants relief . . . ." *City of Ashland v. Heck's, Inc.*,

Ky., 407 S.W.2d 421, 424 (1966). Rather than Sec. 171 of our Constitution, the Equal Protection Clause of the 14th Amendment and Sec. 2 of the Kentucky Constitution are the source of relief from unreasonable discrimination, and it is our opinion that in order to invoke those fundamental protections against the unfair administration of a law that is not itself unconstitutional the unequal treatment must amount to a conscious violation of the principle of uniformity. Cf. *Sunday Lake Iron Co. v. Wakefield*, 247 U.S. 350, 353, 38 S.Ct. 495, 62 L.Ed. 1154 (1918); *People v. Utica Daw's Drug Co.*, 16 A.D.2d 12, 225 N.Y.S.2d 128, 4 A.L.R.3d 393 (1962). In *City of Ashland v. Heck's, Inc.*, Ky., 407 S.W.2d 421 (1966), for example, in enforcing the Sunday Closing Law against one establishment the municipal authorities were well aware that the same law applied to the large number of other business establishments against which it was not being enforced. In this instance, however, there is no evidentiary basis for believing that the PVA or the state revenue department actually realized that leaseholds held under industrial revenue bond issues were legally subject to taxation. In fact, it was not until 1977, when the second *Hobart* opinion came down (549 S.W.2d 297), that the point was so categorically met and decided that even an Arkansas mule must notice and comprehend it. Cf. *White v. City of Hickman*, Ky., 415 S.W.2d 379, 381 (1967).

When one person is being taxed and another is not, the sensible and constructive solution is to right the wrong by filling the omission rather than by adding another wrong. There are ample means for enforcing performance by the taxing authorities. Cf. *Russman v. Luckett*, Ky., 391 S.W.2d 694 (1965).

The judgment is affirmed.

All concur.