COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,

v.

EXPRESS MART, INC., and Glennis Fraley, and Express Mart, Inc., and John Black, Appellees.

No. 87–CA–789–MR.

Court of Appeals of Kentucky.

Oct. 21, 1988.

David A. Collins, Dept. of Highways, Flemingsburg, for appellant.

John I. Hanbury, Vanantwerp, Monge, Jones & Edwards, Ashland, for appellees.

Before CLAYTON, COMBS and WILHOIT, JJ.

CLAYTON, Judge.

This is an appeal from a judgment of the Rowan Circuit Court which dismissed an action by the appellants to enforce the provisions of KRS 177.841(2) against the appellees based upon a finding that the statute had been selectively enforced in violation of the federal and state constitutions.

This action arose out of a complaint filed by the state department of highways in circuit court alleging that the appellees were maintaining commercial billboards within view of Interstate Highway 64 in Rowan County in violation of KRS 177.841(2). The appellees conceded that their signs were in violation of the law, but they argued that the statute was unconstitutional. In the alternative, they asserted that enforcement of the statute was impermissibly selective in violation of federal and state guarantees of equal protection under the law.

The trial court found that the highway department had "consciously violated the

'principle of uniformity' " by enforcing the statute more vigorously in some highway districts than in others, and that such selectivity was motivated by economic concerns. The court concluded that the department's enforcement of KRS 177.841(2) was discriminatory and in violation of the Fourteenth Amendment to the Federal Constitution and Section 2 of the State Constitution, and it entered an order dismissing the action. This appeal followed.

As the circuit court did not address the question of whether the statute itself is constitutional, the issue on appeal is limited to whether the court was clearly erroneous in determining that the statute was enforced by the highway department in an unconstitutional manner. The appellants argue that there was insufficient evidence to support that conclusion, and we agree.

We note parenthetically that the recent amendments to the Billboard Act at issue here do appear to be constitutional. As was noted in *Moore v. Ward,* Ky., 377 S.W.2d 881, 886–87 (1964), which upheld the constitutional validity of the original Billboard Act, the General Assembly's right to regulate billboards is clearly within its police power. With regard to automobile and highways, the court noted, "Many concepts of 20 years ago are obsolete. Concepts today may be obsolete 20 years from now. This is where the legislature plays its part in social order. Automobile traffic and highways play a bigger role in public life every day. The extent and method of their regulation must be left to the legislature if the means bear a reasonable relationship to a legitimate end." *Id.* at 887. The court's analysis is as valid today as it was then, and as it will be 20 years from now. KRS 177.841(2) is constitutional. *See also Wheeler v. Commissioner of Highways, Commonwealth of Kentucky,* 822 F.2d 586 (6th Cir.1987).

■ Regarding the issue presented, the concept of equal protection embraces both equal protection under the law and due process of law. *See Kentucky Milk Marketing v. Kroger Co.,* Ky., 691 S.W.2d 893, 899 (1985). Discrimination or selectivity in enforcement is not, by itself, a constitution-al violation. *See Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). In order to rise to the level of unconstitutional discrimination, selection must be deliberately based upon an unjustifiable standard, e.g., race or religion; or motivated by an invidious purpose, such as an attempt to interfere with the lawful exercise of a constitutionally protected right. *See id. See also United States v. Hazel,* 696 F.2d 473, 474 (6th Cir.1983). *Cf. Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

■ In addition, due process requires that selection or classification be predicated upon some reasonable basis. Unequal enforcement to be violative of constitutional guarantees of due process must rise to the level of a "conscious violation of the principle of uniformity." *See Standard Oil v. Boone County Board of Supervisors,* Ky., 562 S.W.2d 83, 85 (1978). Violation of the principle of uniformity occurs where administration or enforcement "rests upon reasons so unsubstantial" as to amount to a violation of the constitutional protection against the arbitrary exercise of official power. *See Kentucky Milk Marketing, supra,* 691 S.W.2d at 899; *City of Lexington v. Motel Developers, Inc.,* Ky., 465 S.W.2d 253, 257 (1971). Whether a classification is reasonable is a matter of degree to be determined on the facts of a particular case. *Kentucky Milk Marketing,* 691 S.W.2d at 899.

■ The evidence in this case established that enforcement of KRS 177.841(2) was administered at the district level by the highway department and that the extent to which enforcement was pursued was the decision of the administrator of each district. Administrators based their decisions on the availability of funds and personnel within their district. Statistical evidence showed that the statute was enforced to some extent in every highway district which contained interstate or federal highway miles. Due to voluntary compliance upon notification of billboard owners that they were in violation of the law or issuance of summons, enforcement often stopped short of litigation.

Officials from the transportation cabinet and the highway department testified that enforcement of the statute was a low priority until federal authorities indicated that federal funds might be withheld from states which failed to enforce compliance with the law. The inferred policy of the cabinet was therefore to concentrate enforcement in those districts with the highest number of interstate and federal highway miles which logically received the most federal "bonus" funds.

Based upon the record, we find no evidence to support the court's conclusion that the statute was enforced in an unconstitutional manner. First, it is uncontradicted that the statute was enforced statewide in every highway district in which it could be applied. There is no indication that the appellees were singled out for enforcement or that others in the same class were allowed to remain in violation of the law. We note, for example, that the only billboards in the appellees' district which remain in violation of the statute are those owned by the appellees. The mere fact that a higher percentage of legal actions may be prosecuted in some districts than in others does not amount to selective enforcement.

Moreover, assuming that the evidence supports a finding of unequal enforcement, there is no evidence of invidious motive or unjustifiable classification in this case. Finally, the department's decision to enforce the statute according to the availability of resources within each district and to concentrate enforcement, for the most part, in districts which received more federal funds was not unreasonable. We therefore hold that the decision of the trial court is clearly erroneous.

The judgment of the Rowan Circuit Court is reversed and this case is remanded for further proceedings consistent with this opinion.

All concur.