The Honorable Art Givens State Representative 301 Brookwood Road Sherwood, AR 72116
Dear Representative Givens:
This is in response to your request for an opinion on several questions concerning the tax liability of the Omega Tube Corporation. You indicate that the corporation leases a facility from the City of Little Rock which was built with the proceeds of an industrial revenue bond issue.[1] You also note that the corporation is engaged in importing raw material which is converted to finished manufactured products, that approximately three percent (3%) of the manufactured goods are sold in Arkansas, and that all of the other raw materials and/or manufactured products are either held in inventory in the freeport facility, or are sold in other states or other countries of the world.
Your questions arise because the corporation's new comptroller has discovered that the corporation has been assessing its finished goods at face value and has been taxed by the county accordingly. Your specific questions are as follows:
 1. What portion of tangible personal property that is brought into the freeport should be subject to ad valorem taxation?
 2. Is the building "real property" which was built by the city, subject to any taxation?
 3. How many years back, can a corporation, which is built in a freeport, go in requesting a refund for taxes paid due to an erroneous assessment?
It is my opinion that resolution of your first question is governed by A.C.A. 26-26-1102(b)(1)(B), which provides:
 (B) Tangible personal property in transit through this state and tangible personal property manufactured, processed, or refined in this state and stored for shipment outside the state shall, for purposes of ad valorem taxation, acquire no situs in this state and shall not be assessed for taxation in this state.
"Tangible personal property in transit" is defined in A.C.A.26-26-1102(b)(2) as that:
 (A) Which is moving in interstate commerce through or over the territory of this state; or
 (B) Which is consigned to or stored in or on a warehouse, dock, or wharf, public or private, within this state for storage in transit to a destination outside this state, whether the destination is specified when transportation begins or afterward, except where the consignment or storage is for purposes other than those incidental to transportation of the property; or
 (C) Which is manufactured, processed, or refined within this state and which is in transit and consigned to, or stored in or on, a warehouse, dock, or wharf, public or private, within this state for shipment to a destination outside this state.
According to the statute, if goods are manufactured and stored for shipment outside the state, they are not subject to ad valorem taxation.[2] Thus, goods of the corporation meeting the criteria of26-26-1102 are not subject to ad valorem taxation. The corporation may be required, however, to submit documentary proof of the nature of the goods to the assessor. A.C.A.26-26-1102(b)(1)(C). Additionally, the goods which are sold in Arkansas are to be assessed only in the taxing district of their destination. A.C.A. 26-26-1102(b)(1)(A).
Your second question is not so easily disposed of. You have not indicated that the corporation is currently being taxed for the building it leases. It is my assumption that no tax is assessed on this building. We will, however, answer the question posed. The question of whether a structure[3] built by the city with the proceeds of an industrial revenue bond issue and leased to a private manufacturing corporation is taxable, must begin with Arkansas Constitution Art. 16, 5, which provides in pertinent part:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Nothing in this Section shall affect or repeal the provision of Amendment 57 to the Constitution of the State of Arkansas pertaining to intangible personal property. [Emphasis added.]
This section is extrapolated in A.C.A. 26-3-301. Article 16, 6 of the Arkansas Constitution further provides:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
The Constitution provides that public property used exclusively for public purposes is exempt from taxation. In Wayland v. Snapp,232 Ark. 57, 334 S.W.2d 633 (1960), the Arkansas Supreme Court held that a plant site acquired by the city for industrial purposes and leased to a private corporation, was public property used exclusively for public purposes within the meaning of Art. 16, 5. In 1986, however, this holding was repudiated, if not overruled, in City of Hot Springs v. Creviston, 288 Ark. 286,705 S.W.2d 415 (1986). It is possible that the Supreme Court will now take a more narrow view of what type of facility falls within the definition of a "public purpose", and that the building leased by Omega Tube Corporation would no longer fall within the definition. There is, however, some statutory law to be considered on the subject.
In 1981, the legislature, citing Wayland v. Snapp, enacted what is now A.C.A. 14-164-701 — 703, which exempts from ad valorem taxation all industrial facilities[4] which were exempt under Art. 16, 5 as interpreted by Wayland. If indeed the specific holding of Wayland has been overruled, or if the court does so expressly in the future, this statutory exemption would violate Art. 16, 5 and 6. This would subject the building leased by Omega to ad valorem taxation. The legislature, however, appears to have contemplated this contingency, and has also in A.C.A. 14-164-702, declared that not only are the facilities built with industrial revenue bonds exempt form taxation, but the interest of a lessee or purchaser under a contract of sale of one of these facilities is declared to be "intangible personal property" under the legislature's authority to exempt such property under Amendment 57
to the Arkansas Constitution.[5] That Amendment provides:
 The General Assembly may classify intangible personal property for assessment at lower percentages of value than other property and may exempt one or more classes of intangible personal property from taxation, or may provide for the taxation of intangible personal property on a basis other than ad valorem.
The provisions of the Amendment shall be in lieu of those provisions of Article 16, Section 5 of the Constitution of the State of Arkansas relating to the assessment and taxation of intangible personal property.
It appears from a reading of this Amendment and Art. 16, 5, that the legislature has authority to classify a lessee or purchaser's interest in city-owned property as "intangible personal property".[6] Although the classification of an interest in real property as "intangible personal property" tends to raise a constitutional eyebrow, it appears that at least some courts have found the classification reasonable.[7] See e.g., Miller v. Higgs,468 So.2d 371 (Fla. 1985), and generally, Kentucky Department of Revenue v. Hobart Manufacturing Company, 549 S.W.2d 297 (Ken. 1977); City of Orlando v. Hausman, 534 So.2d 1183 (Fla. 1988); and Oklahoma Industries Authority v. Barnes, 769 P.2d 115 (Okla. 1988).
It is thus my opinion, in response to your specific question, that under current law, the corporation is not subject to any taxation based upon its lease and occupation of the building.
Your third question inquires as to the statute of limitations for obtaining a refund of erroneously paid taxes. It is my opinion that the limit is three years from the payment of the tax. See Opinion No. 88-294, a copy of which is enclosed, and Pulaski County Ordinance No. 89-OR-37. Tax refunds are authorized under A.C.A. 26-35-901, for taxes which were paid under an "erroneous assessment." This language has been construed as authorizing refunds for assessments which deviate from law and are invalid for jurisdictional defects. Ritchie Grocer Co. v. City of Texarkana,182 Ark. 137, 30 S.W.2d 213 (1930). This statute is also subject to the common law "voluntariness doctrine" which precludes the refund of taxes voluntarily paid. See City of Little Rock v. Cash,277 Ark. 494, 644 S.W.2d 229 (1982), and generally, Opinion No.88-294.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] The corporation leases the facility and makes payments in lieu of taxes as authorized in A.C.A. 14-164-703.
[2] The corporation, however, must comply with A.C.A.26-26-1203 and 1205 relating to the assessment of manufactured goods or goods held for sale.
[3] It should be noted that there are two possible taxable interests: the building, and the corporation's interest in the leasehold. Some "lease" agreements are in actuality a sale of the property. If so, only one taxable interest exists — that of the "lessee" or purchaser.
[4] "Facilities" means any real property, personal property, or mixed property of any and every kind that can be used or that will be useful in securing and developing industry. A.C.A.14-164-203(7).
[5] The legislature has exempted intangible personal property from ad valorem taxation in A.C.A. 26-3-302.
[6] These constitutional provisions must be read together and harmonized if possible. Carter v. Cain, 179 Ark. 79, 14 S.W.2d 250
(1929).
[7] In fact, it appears that prior to the adoption of A.C.A.14-164-201, et seq. these types of leases would have been classified as the personal property of the lessee for tax purposes. See A.C.A. 26-26-905. It is arguable, however, that this provision is inapplicable to city-owned property. Cf. A.C.A.26-26-1202(b).