**PIKE COUNTY BOARD OF ASSESS-MENT APPEALS AND REVENUE CABINET, Commonwealth of Kentucky, Appellants,**

v.

**Kelsey E. FRIEND and Denver Stewart, Appellees.**

No. 95–CA–0988–MR.

Court of Appeals of Kentucky.

May 3, 1996.

Case Ordered Published by Court of Appeals June 28, 1996.

Discretionary Review Denied by Supreme Court Nov. 13, 1996.

Douglas M. Dowell, Frankfort, for appellants.

Robert J. Greene, Pikeville, for appellees.

Before JOHNSTONE, SCHRODER and WILHOIT, JJ.

SCHRODER, Judge:

This is an appeal from a judgment of the Pike Circuit Court affirming a decision of the Kentucky Board of Tax Appeals which exempted from taxation appellees' leasehold interest in certain property owned by an airport. The Revenue Cabinet argues that it was error to adjudge the leasehold interest exempt from taxation. We agree and, therefore, reverse and remand.

In 1983 appellees, Senator Kelsey Friend and Denver Stewart, entered into a lease agreement with the Pike County Airport Board ("Airport Board") whereby the Airport Board would lease certain property located at the Pike County Airport which was owned in fee simple by the Airport Board. The lease provided that the property was to be used by appellees for building and maintaining an airplane hangar solely for the storage of aircraft. There were two options in the lease regarding its term. The appellees chose the second option which was a term of twenty years with rent set at $10.00 per month for a single engine and $11.50 per month for a twin engine. The lease further provided that at the expiration of the term of the lease, the airplane hangar and property upon which it was located would revert to and become the sole property of the Airport Board.

The record and stipulations therein established that in 1992 Senator Friend did not own an airplane, and the only airplane being stored in the hangar or the leasehold property was that of Denver Stewart. It is also undisputed that during 1992, neither the hangar nor the property on which it sat was used in conjunction with any business conducted for profit.

In 1992 the Pike County Board of Assessment Appeals ("P.C.B.A.A.") assessed appellees' leasehold interest in the property in question at $3500. Appellees appealed this assessment to the Kentucky Board of Tax Appeals. After two hearings on the matter, the Board of Tax Appeals set aside the assessment and found that under KRS 132.195(1) the leasehold interest was exempt from taxation. The Revenue Cabinet and the P.C.B.A.A. then appealed the decision of the Kentucky Board of Tax Appeals to the Pike Circuit Court. On March 23, 1993, the Pike Circuit Court rendered its decision affirming the Kentucky Board of Tax Appeals. This appeal by the Revenue Cabinet and the P.C.B.A.A. followed.

■■■ The Kentucky Board of Tax Appeals and the Pike Circuit Court both based their decision on their interpretation of KRS 132.195(1) in conjunction with KRS 183.138. KRS 183.138 provides in pertinent part:

All property acquired for the establishment and maintenance of an airport shall be exempt from taxation and assessment to the same extent as other property used for public purposes. All fees charged by the board or collected by the board for the admission to or use of the airport or its facilities shall also be exempt from taxation.

KRS 132.195(1) provides:

When any real or personal property which for any reason is exempt from taxation is leased or possession otherwise transferred to a natural person, association, partnership, or corporation in connection with a business conducted for profit, the leasehold or other interest in the property shall be subject to state and local taxation at the rate applicable to real or personal property levied by each taxing jurisdiction.

Apparently, the circuit court and the Kentucky Board of Tax Appeals interpreted KRS 132.195(1) such that so long as a natural person holding a leasehold interest on exempt property does not make a profit in connection with such property, the leasehold interest is exempt from taxation. We do not agree with this interpretation of KRS 132.195(1).

■■■ Generally, when several words of a statute are followed by a clause which is

applicable as much to the first and other words as to the last, the natural construction of language dictates that the clause be read as applicable to all. *In re Graves' Estate*, 27 F.Supp. 717 (W.D.Ky., 1939). However, in KRS 132.195(1), the comma after "partnership" sets the phrase "or corporation in connection with a business conducted for profit" apart from the preceding words such that we construe "in connection with a business conducted for profit" to apply only to corporations. In addition, there exist statutory provisions for nonprofit corporations (KRS 273.161–273.400), while there are no statutory provisions for nonprofit natural persons, associations or partnerships.

This interpretation is also in keeping with the statutory scheme of KRS 183.138 and the Kentucky Constitution. KRS 183.138 recognizes the constitutional exemption for public property used for public purposes. § 170 Kentucky Constitution. Although appellees are not making a profit with their leasehold interest, it is their choice not to make a profit off the leasehold property. They are not using the property for a public purpose despite their assertions to the contrary.

■ Appellees maintain that their use of the property is for a public purpose because when the lease is up, the property, along with the hangar built by appellees, will revert back to the airport, which could use it for its own purposes. A similar argument was rejected by the Supreme Court in *Standard Oil Co. v. Boone County Bd. of Supervisors*, Ky., 562 S.W.2d 83 (1978) wherein Standard Oil Co. leased property from the Greater Cincinnati Airport and argued that its facilities on the leased property were necessary to the establishment and maintenance of a modern airport. The Court held:

> It does not follow, however, that the leasehold interests are tax-exempt, because, in the terminology of [*Kentucky Department of Revenue v. Hobart Manufacturing Company*, Ky., 549 S.W.2d 297 (1977) ], out of the total bundle of rights that represent the ownership of real estate those rights encompassed within the leasehold estates are not owned by the airport, but by the lessees, and if the statute were construed as an effort to exempt those rights it would

contravene Sec. 174 of the Kentucky Constitution, which provides that all property shall be taxed in proportion to its value "unless exempted *by this Constitution.*" (Emphasis added.) No agency of government can validly exempt from taxation any property interest except by express constitutional authority.

*Id.* at 84.

■ Taxation of all property being the rule and exemptions the exception, exemptions will never be presumed or implied in reference to property subject to taxation without some express constitutional grant of immunity. *See Inter–County Rural Electric Co-operative Corp. v. Reeves*, 294 Ky. 458, 171 S.W.2d 978 (1943). It has been firmly established that a privately owned leasehold interest in real estate owned by a tax exempt entity is subject to taxation if it has a fair cash value. *Kentucky Dept. of Revenue v. Hobart Mfg. Co.*, Ky., 549 S.W.2d 297 (1977); *Kentucky Tax Commission v. Jefferson Motel, Inc.*, Ky., 387 S.W.2d 293 (1965). It follows that if we were to interpret KRS 132.195(1) as advocated by appellees, it would be an unconstitutional exercise of legislative authority in that it would provide an exemption not allowed by the Kentucky Constitution. While *Standard Oil, supra, Hobart Mfg. Co., supra* and *Jefferson Motel, supra* were all decided pre-KRS 132.195(1), our Constitution and its precepts remain unchanged.

■ Statutes are to be construed so as to preserve their constitutionality wherever possible. *Revenue Cabinet v. Joy Technologies, Inc.*, Ky.App., 838 S.W.2d 406 (1992). Accordingly, we construe KRS 132.195(1) such that appellees' leasehold interest is not exempt from taxation as there is no constitutional allowance for such an exemption.

For the reasons stated above, we reverse the judgment of the Pike Circuit Court and remand for further proceedings consistent with this opinion.

All concur.